**UNITED STATES DISTRICT COURT**                 **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **LINDA ROBERTS, on behalf of herself and all others similarly situated,** | § § § | |
| *Plaintiff*, | § § | **CIVIL ACTION** |
| **v.** | § § | **CASE NO. _____** |
| **BAPTIST HEALTHCARE SYSTEM, LLC, BAPTIST HOSPITALS OF SOUTHEAST TEXAS, and BAPTIST BEHAVIORAL HEALTH CENTER** | § § § § § | **JURY TRIAL DEMANDED** |
| *Defendants*. | § | |

## INTRODUCTION

1.      Plaintiff Linda Roberts ("Plaintiff") brings this class and collective action against Baptist Healthcare System LLC, Baptist Hospitals of Southeast Texas, and/or Baptist Behavioral Health Center (collectively "Defendants" or "Baptist Healthcare") on behalf of herself and other similarly situated individuals who have worked for Baptist Hospitals of Southeast Texas (collectively "Defendant Baptist" or "Baptist Hospitals") as non-exempt employees involved with patient care at any time beginning four years before the filing of this complaint until resolution of this action. Throughout the relevant time period of this action, Plaintiff and similarly situated Class and Collective members have been denied payment for all hours worked, including overtime, were subject to improper deductions from wages, and were denied bona fide meal periods. This case implicates the longstanding policy and practice of Baptist Healthcare across all of its Baptist Hospitals healthcare facilities, which fail to properly compensate non-exempt employees for work during meal periods and for work performed while "off-the-clock."

2.      Employers are not required to pay employees for meal periods if the employer can satisfy its burden of demonstrating the employee received a *bona fide* meal period which primarily benefits the employee. Defendants do not provide bona fide meal periods for their non-exempt

workers who are involved with patient care. Non-exempt employees who work for Defendants are required to remain available for work throughout their shift and are expected to perform duties while "off-the-clock." Instead of making these workers clock out for their meal periods then clock back in at the end of a meal period, Defendants assume the non-exempt employees were able to find a 30-minute block of time to enjoy a bona fide meal period. Defendants deduct 30 minutes from non-exempt workers' shifts for a meal period, when in fact these employees remain on duty and are continuously subject to interruption during that time. Defendants instituted policies and practices that result in non-exempt workers involved with patient care to be subject to work throughout their shift, even when they attempt to take a meal break.

3.    Defendants' policies and practices across Baptist Hospitals' healthcare facilities result in non-exempt workers being denied wages due under the Fair Labor Standards Act and Texas common law. Under these policies and practices, non-exempt workers involved in patient care are not completely relieved of duties during meal periods and are denied pay for those on-duty meal periods. Defendants continue to require these non-exempt workers involved with patient care to remain on duty and subject to interruptions during meal breaks.

4.    Defendants violated the FLSA and Texas state law by knowingly and willfully permitting Plaintiff, Class and Collective members to perform work and/or remain on-duty during their meal breaks, subjecting them to interruptions and requiring them to remain on standby to respond to emergencies and patient care needs. Plaintiff, Class and Collective members also perform work before clocking in and after clocking out for which they are not compensated. Defendants have notice that Plaintiff, Class and Collective members expect to be paid for their work on an hourly basis. Defendants receive the value of Plaintiff, Class and Collective members' work performed during their meal periods and while "off-the-clock" without compensating them for their services. Defendants willfully, deliberately, and voluntarily fail to pay Plaintiff, Class and Collective members for work performed.

5.    Defendants' conduct violated and continues to violate the FLSA because of the mandate that non-exempt employees, such as Plaintiff and the putative Collective members, be

paid at one and one-half times their regular rate of pay for all hours worked in excess of forty within a single workweek. *See* 29 U.S.C. § 207(a).

6.     Defendants' conduct violated and continues to violate Texas state law because Defendants' conduct constitutes wage theft, as that term is understood under Texas common law.

7.     In addition, Plaintiff, Class and Collective members were and are required to work additional time outside of their scheduled shifts to keep up with the demands of the job. Defendants were and are aware that Plaintiff, Class and Collective members perform this off-the-clock work, but does not to pay them at the applicable hourly and overtime rates for this work time. This practice likewise violated and continues to violate the FLSA and Texas state law.

8.     Therefore, Plaintiff files this action to recover on behalf of herself, Class and Collective members, all unpaid wages, compensation, penalties, and other damages owed to them under the FLSA and Texas state law, individually, as a 29 U.S.C. § 216(b) collective action, and as a class action under Federal Rule of Civil Procedure 23, in order to remedy the sweeping practices which Defendants have integrated into their time tracking and payroll policies and which have deprived Plaintiff, Class and Collective members of their lawfully-earned wages.

## SUBJECT MATTER JURISDICTION AND VENUE

9.     This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.*

10.     This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367. Plaintiff's state law claims are not preempted by the FLSA because Plaintiff seeks to recover back wages under Texas state law to the extent those state law claims do not overlap with the FLSA's overtime provisions, including gap time claims for regular, non-overtime wages owed and overtime claims that fall outside of the FLSA's statute of limitations.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this judicial district. Defendants reside in this judicial district and are subject to general personal jurisdiction here.

## **PARTIES**

12.     Plaintiff Linda Roberts is an individual residing in Beaumont, Texas. Ms. Roberts was employed as a nurse by Defendants at the Behavioral Health Center from May 2016 to July 2018.

13.     The FLSA Collective members are people who are or who have been employed by Defendants as non-exempt workers involved with patient care at any Baptist Hospitals facility, within the three years preceding the filing of this Complaint.

14.     The Texas Class members are people who are or who have been employed by Defendants as non-exempt workers involved with patient care at any Baptist Hospitals facility in the State of Texas within the four years preceding the filing of this Complaint.

15.     Defendant Baptist Healthcare System, LLC is a domestic limited liability company with its principal location in Beaumont, Texas. Defendant may be served with process by serving its registered agent, David N. Parmer, 3080 College Street, Beaumont, Texas 77701.

16.     Defendant Baptist Hospitals of Southeast Texas is a domestic entity with its principal location in Beaumont, Texas. Defendant may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inco, 211 East 7th Street, Suite 620, Austin, Texas 78701.

17.     Defendant Baptist Behavioral Health Center, is a hospital located at 3250 Fannin Street, Beaumont, Texas 77701. The hospital may be served with process by serving its officer, David N. Parmer, 3080 College Street, Beaumont, Texas 77701. Upon information and belief, Baptist Behavioral Health Center is jointly owned, operated, and/or managed by Baptist Healthcare System, LLC and/or Baptist Hospitals of Southeast Texas, either as a partnership, joint venture, parent-subsidiary, or agency relationship.

18.     Defendants jointly own and operate specialty hospitals throughout Texas.

19.     At all material times, Defendants have been employers within the meaning of the FLSA under 29 U.S.C. § 203(d).

20.     At all material times, Defendants have been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

21.     Plaintiff, Class and Collective members were and are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

22.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

23.     Defendants acted as joint employers of Plaintiff, Class and Collective members because all Defendants jointly, directly or indirectly, controlled the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees.

24.     Here, Defendants have had, and continue to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

25.     In addition to Plaintiff, Defendants have employed numerous other employees, who like Plaintiff, are non-exempt employees engaged in interstate commerce. Further, Defendants are engaged in interstate commerce since they order supplies across state lines, conduct business deals with merchants across state lines, and process patient credit cards with banks in other states.

26.     At all material times, Plaintiff, Class and Collective members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

27.     Defendants operate a network of specialty hospitals and clinics that provide healthcare services in Southeast Texas.

28.     Defendants employ hundreds of hourly non-exempt workers across these medical facilities.

29.     Defendants' payroll policy and practice does not compensate hourly-paid patient care staff for work performed during meal periods. Defendants' automatic time deduction policy and practice deducts 30 minutes from patient care staff shifts for a meal period based on the assumption that patient care staff are able to find a 30-minute block of time to enjoy a bona fide

meal period. However, in practice, patient care staff are not permitted to take a 30-minute uninterrupted and bona fide meal period or rest breaks due to the demands of their jobs during the majority of their shifts. In the rare instances where they attempt a meal break, they remain on duty in that they are required to respond to calls from their patients, doctors, patients' families, other patient care staff and hospital staff, attend to the normal demands of the job, and otherwise respond to emergencies. This policy applies to all hourly-paid, non-exempt staff who are responsible for patient care.

30.    Interruptions occur in multiple ways, though mainly through in-person interruptions and use of the public announcement system utilized at Baptist Behavioral Health.

31.    Plaintiff was employed by Defendants as a nurse at Baptist Behavioral Health during the last four years. Plaintiff worked as a non-exempt nurse for Defendants between May 2016 through July 2018, and her regular hourly rate of pay was $41.00 per hour during her employment. As a nurse, Plaintiff's primary responsibilities included: providing patient care and monitoring, administering medicine to patients, interacting with other hospital employees and visitors, monitoring patient vitals, completing charting and patient paperwork, and responding to emergency situations. Plaintiff was subjected to Defendants' time, pay, meal break, and overtime policies and practices. Plaintiff routinely performed work during her entire shift, was subject to interruptions during attempted meal and rest breaks, and in fact was interrupted or denied meal breaks on a regular basis. Plaintiff also performed work while "off-the-clock" with Defendant's knowledge and was denied compensation for the time she spent engaged in this work.

32.    Plaintiff, Class, and Collective members' "off-the-clock" work included waiting time, where staff members are required to arrive before their shift to prepare for their day but are otherwise not allowed to clock in until a certain time; shift changes, where staff members are required to update the incoming shift on patient statuses and relevant events that occurred during the previous shift; as well as completing charting, other paperwork, and performing other various tasks performed before clocking in and after clocking out for the day subject to Defendants' strict

clock-out time policy. Plaintiff, Class and Collective members were not compensated for this work performed outside of their recorded hours.

33.    Class and Collective members were and are employed by Defendants and performed work materially similar to Plaintiff.

34.    Plaintiff, Class and Collective members report to a hospital or clinical facility owned, operated, or managed by Defendants to perform their jobs.

35.    Plaintiff, Class and Collective members perform their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants.

36.    Plaintiff, Class and Collective members are required to follow and abide by common work, time, pay, meal and rest break, and overtime policies and procedures in the performance of their jobs.

37.    At the end of each pay period, Plaintiff, Class and Collective members receive wages from Defendants that are determined by common systems and methods that Defendants selected and controlled.

38.    Defendants pay Plaintiff, Class and Collective members on an hourly rate basis.

39.    Plaintiff worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

40.    Each FLSA Collective member worked more than forty hours in at least one workweek during the three years before this Complaint was filed. On average, Plaintiff worked 12 to 13 hours each shift and approximately 48 hours per week.

41.    When Plaintiff and Collective members worked more than forty hours in a workweek, Defendants did not pay them one and one-half times their regular hourly rate due to their failure to include time worked during meal periods and "off-the-clock" work in the total hours of worked in a given work week. This unpaid time is compensable under the FLSA because (1) Plaintiff and Collective members are not completely relieved of their duties, (2) they are interrupted or subject to interruptions with work duties during any attempted meal period, and/or (3) they entirely skip the meal periods due to work demands.

42.     Throughout the relevant time period, Defendants expected and required Plaintiff, Class and Collective members to be available to work during their entire shifts, even during any attempted on-premises meal or rest breaks. These 30-minute intervals of deducted time constitute compensable time under the FLSA, which requires that employers compensate employees for all time worked. They also constitute compensable time under Texas state law because (1) Defendants breached an implied agreement with Plaintiff and Class members by not paying them the agreed hourly rate for all hours worked, or, in the alternative, (2) Defendants received and accepted the value of Plaintiff and Class members' unpaid work with reasonable notice that Plaintiff and Class members expected to be paid for all hours worked, or, in the alternative, (3) Defendants have been unjustly enriched by receiving the benefits of Plaintiff's and Class members' unpaid work.

43.     Defendants have employed hundreds of people similarly situated to Plaintiff during the four-year period prior to the filing of this Complaint.

44.     Defendants' method of paying Plaintiff, Class and Collective members was willful, and was not based on a good faith and reasonable belief that their conduct complied with either the FLSA or Texas law.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

45.     Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following class of individuals:

> **All current and former hourly, non-exempt employees involved with patient care, including but not limited to nursing staff, nurses, nursing assistants, nurse aides, technicians, clerks, non-exempt therapists, or other non-exempt employees involved with patient care employed by Defendants at any Baptist Hospitals facility nationwide during the time period three years prior to the filing of the original Complaint until resolution of this action (the "Collective").**

46.     Defendants have not compensated these employees for the unpaid meal breaks and "off-the-clock" work as described above.

47.     Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because her claims are similar to the claims possessed by Collective members.

48.     Plaintiff has actual knowledge that Collective members have been denied compensation for time worked, including meal breaks worked or interrupted and "off-the-clock" work. In addition, Plaintiff has actual knowledge that Collective members have also been denied overtime pay for this work and would therefore likely join this collective action if provided a notice of their rights to do so, together with a clear statement that opting to join such an action would not result in termination or other forms of retaliation.

49.     Plaintiff is similarly situated to Collective members. Like Plaintiff, Defendants subjected Collective members to its common practice, policy, or plan of refusing to pay overtime for all work performed in clear violation of the FLSA.

50.     Other patient care staff similarly situated to Plaintiff work, or have worked, for Defendants but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek for meal breaks during which they were not completely relieved of their duties that were interrupted, interruptible, or entirely missed due to work demands. Likewise, patient care staff similarly situated to Plaintiff also performed compensable work while "off-the-clock," and were not paid overtime at the rate of one and one-half times their regular hourly rate for those "off-the-clock" hours.

51.     Although Defendants permitted and/or required Collective members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty for meal breaks that were interrupted due to work demands and for "off-the-clock" work.

52.     Collective members perform or have performed the same or similar work as Plaintiff involving patient care.

53.     Collective members regularly work or have worked in excess of forty hours during a workweek.

54.     Collective members are not exempt from receiving overtime compensation under the FLSA.

55.     Defendants' failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices, and did not depend on the personal circumstances of Collective members.

56.     Although Plaintiff and Collective members may have different job titles and/or work in different departments or facilities, this action may be properly maintained as a collective action on behalf of the defined class because, throughout the relevant time period:

   a.  Defendants maintained common scheduling systems and policies with respect to Plaintiff and Collective members, controlled the scheduling systems and policies implemented throughout their facilities and retained authority to review and revise or approve the schedules assigned to Plaintiff and Collective members;

   b.  Defendants maintained common timekeeping systems and policies with respect to Plaintiff and Collective members;

   c.  Defendants maintained common payroll systems and policies with respect to Plaintiff and Collective members, controlled the payroll systems and policies applied to Plaintiff and Collective members, and set the pay rates assigned to Plaintiff and Collective members; and

   d.  Defendants controlled the meal break work policies and practices at issue in this litigation and had the ability to deprive Plaintiff and Collective members of wages owed for meal break work they performed.

57.     The specific job titles or precise job responsibilities of each Collective member does not prevent collective treatment.

58.     Collective members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked during unpaid meal breaks for weeks in which they worked forty hours or more.

59.     Collective members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked "off-the-clock" in excess of forty during a workweek.

60.     Although the exact amount of damages may vary among Collective members, the damages for Collective members can be easily calculated, summed, and allocated based on a simple formula.

61.     Plaintiff and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendants to comply with their obligation to legally compensate their employees. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Collective members. Defendants had a plan, policy or practice of not paying Plaintiff and Collective members for interrupted, interruptible, or missed meal and rest breaks, as well as work performed "off-the-clock."

62.     As such, the collective of similarly situated Plaintiffs is properly defined as stated above. Plaintiff estimates the Collective, including both current and former employees over the relevant time period, will include upwards of 100 people or more. The precise number of Collective members should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Collective members are discoverable from Defendants' records. Given the composition and size of the Collective, notice may be provided via First Class Mail, e-mail, text message, and other modes of notice similar to those customarily used in representative actions.

## RULE 23 CLASS ACTION ALLEGATIONS

63.     Plaintiff brings causes of action as a class action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The Texas Class that Plaintiff seeks to represent is defined as follows:

**All current and former hourly, non-exempt employees, providing patient care, including but not limited to nursing staff, nurses, nursing assistants, nurse aides, technicians, clerks, non-exempt therapists, or other employees with similar job duties employed by Defendants at any Baptist Hospitals facility in Texas at any time starting four years prior to the filing of this Complaint until resolution of this action.**

64.     This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

65.     <u>Numerosity</u>:  The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of Texas Class members exceeds 100. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Texas Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Texas Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Texas Class and Defendants.

66.     <u>Commonality</u>:  There are questions of law and fact common to Plaintiff and the Texas Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

      i.     Whether Defendants had a policy and practice of requiring patient care workers to remain on duty during meal breaks by subjecting them to interruptions;

     ii.     Whether workers' remaining available to tend to patient health and safety issues provides a valuable service to Defendants;

    iii.     Whether Defendants directed, required, requested, and/or permitted Plaintiff and Texas Class members to work during unpaid meal breaks;

iv.   Whether Defendants knew or should have known that Plaintiff and Texas Class members were not compensated for work performed during unpaid meal breaks;

v.   Whether Defendants directed, required, requested, and/or permitted Plaintiff and Texas Class members to work while "off-the-clock";

vi.   Whether Defendants knew or should have known that Plaintiff and Texas Class members were not compensated for work performed "off-the-clock";

vii.   Whether agreements existed between Plaintiff and Texas Class members concerning payment for work performed during unpaid meal breaks, and whether Defendants breached such agreements;

viii.   Whether Defendants derived a benefit from the patient care workers being required to respond to the needs of patients during their unpaid meal periods pursuant to professional codes of conduct and Defendants' policies;

ix.   Whether valuable services were rendered to Defendants by the Plaintiff and Texas Class members during unpaid meal break times, and whether Defendants accepted the benefit of Plaintiff's and Texas Class members' unpaid services;

x.   Whether Defendants were unjustly enriched by Plaintiff's and Texas Class members' unpaid work; and

xi.   The proper measure of damages, including whether the reasonable value of such services can be based on the agreed upon hourly rate of pay.

67.   Typicality:  Plaintiff's claims are typical of the claims of the Texas Class because Plaintiff's claims arise from the same course of conduct and legal theories as the claims of the Texas Class members. Like the Texas Class members, Plaintiff worked as a non-exempt employee involved in patient care for Defendants during the relevant time period. Like the Texas Class

members, Plaintiff was subject to the identical company-wide policy requiring patient care staff to remain on duty during meal periods, and were subject to interruptions during such times. Like the Texas Class members, Plaintiff was subject to the same professional code of conduct and company timekeeping and payroll policies requiring patient care staff to tend to the care of their patients even during the unpaid meal periods. The other facts outlined above likewise apply equally to both the Plaintiff and Texas Class members.

68.    <u>Adequacy of Representation</u>:  Plaintiff seeks relief for the past and prospective state law violations that were perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other Texas Class members and will prosecute the case vigorously on behalf of the Texas Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Texas Class members.

69.    <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Texas Class members is not practicable, and questions of law and fact common to the Texas Class predominate over any questions affecting only individual members of the Texas Class. Each proposed Texas Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

70.    In the alternative, the Texas Class may be certified because the prosecution of separate actions by the individual members of the Texas Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Texas Class which would establish incompatible standards of conduct for Defendants.

71.    If each individual Texas Class member was required to file an individual lawsuit, Defendants would necessary gain an unconscionable advantage because Defendants would be able

to exploit and overwhelm the limited resources of each member of the Texas Class with Defendants' vastly superior financial legal resources.

72.    Requiring each individual Texas Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Texas Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

## COUNT ONE:
## VIOLATIONS OF 29 U.S.C. § 207
## FAILURE TO PAY OVERTIME COMPENSATION FOR
## IMPROPER AUTOMATIC TIME DEDUCTIONS
## (FLSA COLLECTIVE ACTION)

73.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

74.    Plaintiff and Collective members, Defendants' employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

75.    The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

76.    Throughout the relevant time period, Defendants automatically deducted a 30-minute meal break for each Collective member. However, Plaintiff and Collective members were required to be available to work and/or to be on duty during their meal breaks.  As a result, Plaintiff and Collective members performed work during their meal breaks for which they were not compensated.

77.    Plaintiff and Collective members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime wages owed for work they performed and from which Defendants derived a direct and substantial benefit.

78.    Defendants cannot satisfy their burden of proof to demonstrate Plaintiff and Collective members received a bona fide meal period for every 30 minutes deducted from their wages automatically.

-15-

79.     Defendants violated and continue to violate the FLSA when they fail to pay Plaintiff and Collective members under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Plaintiff and Collective members have suffered a loss of wages.

80.     Defendants' failure to pay overtime to Plaintiff and Collective members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and Collective and FLSA Class members' claims.

81.     Because of Defendants' willful violation, Plaintiff and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

82.     Plaintiff and Collective members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

**COUNT TWO:**
**VIOLATIONS OF 29 U.S.C. § 207**
**FAILURE TO PAY OVERTIME COMPENSATION FOR "OFF-THE-CLOCK" WORK**
**(FLSA COLLECTIVE ACTION)**

83.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

84.     Throughout the relevant time period, Defendants suffered and/or permitted Plaintiff to work additional time outside of her shift for work-related tasks. These tasks included, but were not limited to, waiting time, shift changes, monitoring patients, assisting hospital personnel, reviewing or completing charting and other paperwork, and performing other various tasks prior to clocking in and after clocking out.

85.     Due to Defendants' policies that require patient care staff to arrive early before the scheduled shift is meant to start, as well as the policy to clock out at the end of their shift regardless if patient care staff are finished with their assigned tasks, Plaintiff has performed and Collective members routinely perform work-related tasks outside of their scheduled shifts, before clocking in and after clocking out.

86.     Accordingly, consistent with the policies and procedures set up by Defendants, Plaintiff performed work for which she was not compensated. Defendants' policies and practices favored Defendants at the expense of Plaintiff and Collective members.

87.     Defendants violated and continue to violate the FLSA when they fail to pay Plaintiff and Collective members for "off-the-clock" work under 29 U.S.C. § 207 as a non-exempt employee. Because of these violations, Plaintiff and Collective members suffer wage losses during weeks where the total time worked (logged and unlogged) exceeded forty hours.

88.     Defendants' failure to pay overtime to Plaintiff and Collective members, is willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and Collective members' claims.

89.     Because of Defendants' willful violation, Plaintiff and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

90.     Plaintiff and Collective members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

## COUNT THREE:
## QUANTUM MERUIT
## FAILURE TO PAY OVERTIME
## (TEXAS CLASS ACTION)

91.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

92.     Plaintiff and Texas Class members perform valuable services for Defendants during their unpaid meal break periods (a common scheme perpetrated by Defendants that is applicable to the entire Class).

93.     Plaintiff and Texas Class members perform valuable services while "off-the-clock" for which they are not compensated (subject to common timekeeping policies applicable to the entire Class).

94.     These services have a reasonable value of no less than the agreed upon hourly rate.

95.     Defendants accepted and retained the benefit of Plaintiff's and Texas Class members' performance of these valuable services.

96.     No written contract exists between Plaintiff and Defendants, and Texas Class members and Defendants, regarding the provision of services during unpaid meal break periods.

97.     Defendants have reasonable notice and/or knowledge that Plaintiff and Texas Class members expect to be compensated for services rendered for Defendants.

98.     Defendants fail to pay Plaintiff and Texas Class members the reasonable value of the services performed during unpaid meal break periods and while "off-the-clock."

99.     Plaintiff and Texas Class members are entitled to recover damages under this claim for the last four years.

100.    Plaintiff and Texas Class members are entitled to attorney's fees and costs under this claim pursuant to Texas Civil Practice and Remedies Code § 38.001.

**COUNT FOUR:**
**MONEY HAD AND RECEIVED**
**(TEXAS CLASS ACTION)**

101.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

102.    Defendants receive money from its patients and their agents for the work performed by Plaintiff and Texas Class members during their unpaid meal breaks and while "off-the-clock," while Defendants refuse to pay Plaintiff and Texas Class members for such work.

103.    Defendants hold money that in equity and good conscience belongs to Plaintiff and Texas Class members due to Defendants' refusal to pay Plaintiff and Texas Class members for all hours worked.

104.    Plaintiff and Texas Class members are entitled to recover damages under this claim.

105.    Plaintiff and Texas Class members are entitled to declaratory relief finding Defendants violated Texas law.

106.    Plaintiff and Texas Class members are entitled to attorney's fees and costs under this claim pursuant to Texas Civil Practice and Remedies Code § 37.009.

## COUNT FIVE:
## UNJUST ENRICHMENT
## (TEXAS CLASS ACTION)

107.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

108.    Defendants have been unjustly enriched at the expense of Plaintiff and Texas Class members by refusing to pay for work performed by Plaintiff and Texas Class members during unpaid meal periods and for work performed while "off-the-clock."

109.    Defendants knowingly and/or intentionally accept the benefit of the work performed by Plaintiff and Texas Class members during unpaid meal periods and work performed while "off-the-clock," despite Defendants' policy and practice of failing to pay Plaintiff and Texas Class members for such work. In particular, Defendants receive the benefit of the labor and services provided to Defendants' customers (patients) by the Plaintiff and Texas Class members.

110.    Such wrongful conduct demonstrates bad faith and undue advantage on the part of Defendants.

111.    It would be unjust and inequitable for Defendants to retain the benefit of the unpaid work performed by Plaintiff and Texas Class members.

112.    Defendants should be ordered to disgorge those benefits to Plaintiff and the Texas Class.

113.    Plaintiffs are also entitled to declaratory relief finding Defendants violated Texas law.

114.    Plaintiff and Texas Class members are further entitled to attorney's fees and costs under this claim pursuant to Texas Civil Practice and Remedies Code § 37.009.

## **RELIEF SOUGHT**

115.    Plaintiff and Collective members are entitled to recover their unpaid overtime wage compensation pursuant to the FLSA.

116.    Plaintiff and Collective members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages. 29 U.S.C. § 216(b) and Texas Civil Practice and Remedies Code § 37.009 and § 38.001.

117. Plaintiff and Collective members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

118. Plaintiff and Collective members are entitled to declaratory relief stating Defendants' policies and practices as described herein are unlawful and in violation of the FLSA.

119. Plaintiff and Texas Class members are entitled to recover damages flowing from the reasonable value of the services they provided, all monies held by Defendants that rightfully belong to Plaintiff and Texas Class members, the value by which Defendants were unjustly enriched by receiving the unpaid labor, attorney's fees and costs, pre-judgment and post-judgment interest as provided by Texas law, and such other relief the Court deems fair and equitable (to the extent same does not duplicate or overlap with the damages owed pursuant to the FLSA).

120. Plaintiff and Texas Class members are entitled to declaratory relief stating Defendants' actions as described herein were and are unlawful.

## **JURY DEMAND**

121. Plaintiff hereby requests a trial by jury.

## **PRAYER**

122. For these reasons, Plaintiff, Class and Collective members respectfully request that judgment be entered in their favor awarding the following relief:

> i. An order preventing Defendants from retaliating in any way against Plaintiff and any putative Class or Collective member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;
>
> ii. An order designating this action as a collective action on behalf of the FLSA Class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;
>
> iii. For a declaratory judgment that Defendants violated the Fair Labor Standards Act as alleged herein;
>
> iv. An order finding Defendants' violated the FLSA willfully;

v.   An order awarding Plaintiff and the Collective all unpaid overtime wages due under the FLSA with interest thereon;

vi.   An order awarding Plaintiff and the Collective an equal amount as liquidated damages as allowed under the FLSA;

vii.   An order awarding Plaintiff and the Collective reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

viii.   An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

ix.   An order finding that Defendants violated Texas law;

x.   An order awarding Plaintiff and the Class all unpaid regular wages due under Texas law to the extent same does not duplicate regular wages due under the FLSA;

xi.   An order awarding Plaintiff and the Class all unpaid overtime wages due under Texas law to the extent same does not duplicate overtime wages due under the FLSA;

xii.   An order awarding Plaintiff and the Class disgorgement of Defendants' ill-gotten gains as described herein;

xiii.   An order awarding Plaintiff and the Class all attorneys' fees, costs and disbursements as provided by Texas law;

xiv.   An order awarding Plaintiff and the Class pre- and post-judgment interest as provided by Texas law; and

xv.   Such other and further relief to which Plaintiff and Collective and Class members may be entitled at law or in equity.

Dated: March 4, 2020

/s/William M. Hogg
William M. Hogg
Texas Bar No. 24087733
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Tel: (713) 338-2560; Fax: (415) 421-7105
whogg@schneiderwallace.com

Counsel for Plaintiff

Carolyn H. Cottrell (to be admitted pro hac vice)
California Bar No. 166977
Ori Edelstein (to be admitted pro hac vice)
California Bar No. 268145
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwllace.com

Lead Attorney for Plaintiff