| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |
|---|---|---|

| | | |
|---|---|---|
| LINDA ROBERTS, on behalf of herself and all others similarly situated, | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION |
| v. | § § | CASE NO. 1:20-cv-92-MC |
| BAPTIST HEALTHCARE SYSTEM, LLC, BAPTIST HOSPITALS OF SOUTHEAST TEXAS, and BAPTIST BEHAVIORAL HEALTH CENTER | § § § § § | JURY TRIAL DEMANDED |
| *Defendants*. | § | |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff Linda Roberts ("Plaintiff"), on behalf of herself and all others similarly situated, hereby files this Motion to Compel Discovery on Defendant Baptist Hospitals of Southeast Texas ("Baptist Hospitals" or "Defendant") regarding the identities and contact information for putative Class and Collective Members, job descriptions, and orientation/new hire materials, which are relevant to determine whether putative Collective members are similarly situated under the Fair Labor Standards Act ("FLSA"). In support, Plaintiff respectfully states as follows:

### I.    NATURE AND STAGE OF PROCEEDINGS

Plaintiff filed her Original Complaint on March 4, 2020, bringing a collective action under the FLSA, on behalf of herself and all other non-exempt, for unpaid overtime wages owed to hourly-paid patient care workers similarly situated, against Defendants. *See* Dkt. 1. Plaintiff has also asserted related state law "gap time" claims for unpaid wages based on the same conduct underlying the FLSA overtime claims unpaid time work that would not otherwise be covered by the FLSA overtime claims (e.g., claims based on time worked during weeks that did not exceed

40 hours or that occurred outside the FLSA limitations period), as a class action under Rule 23. *Id.* The Parties are currently in the early stages of discovery. Defendants have recently filed a motion to dismiss Plaintiff's state law claims under Rule 12(b)(6). *See* Dkt. 16.

## II.   STATEMENT OF THE ISSUES

The issues to be decided in this motion are: (1) whether Plaintiff is entitled to discover the identities and contact information of putative class and/or collective members; (2) whether Plaintiff is entitled to discover the official job descriptions applicable to the putative class and/or collective members; and (3) whether Plaintiff is entitled to orientation and new hire materials provided to putative class and/or collective members.

## III.   SUMMARY OF ARGUMENT

The FLSA was enacted as a broad remedial statute designed to protect workers from unfair and oppressive working conditions. *Ford v. Houston Independent School Dist.*, 97 F. Supp. 3d 866, 871 (S.D. Tex. 2015) (citing *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739 (1981)); *see also Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 173 (1989) ("The broad remedial goal of the [FLSA] should be enforced to the full extent of its terms").

The Supreme Court has presciently described the FLSA as: "remedial and humanitarian in purpose. We are not here dealing with mere chattels or articles of trade but with the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others . . . . **Such a statute must not be interpreted or applied in a narrow, grudging manner**." *Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944) (emphasis added).

The FLSA gives employees the right to bring an action on behalf of themselves, as well as "other employees similarly situated." 29 U.S.C. § 216(b). Representative actions like the FLSA

serve an important purpose of reducing litigation costs for plaintiffs and promoting judicial efficiency. With these well-established principles in mind, Plaintiff has pursued her claim for unpaid wages as a collective action under the FLSA § 216(b), as well as a separate but related class action under Rule 23 for the Texas state law "gap time" claims for unpaid wages, to the extent those state law claims are not duplicative of the FLSA claims.

In this case, Plaintiff asserts that Defendant maintains a policy and practice affecting its entire non-exempt, hourly-paid patient care staff, system-wide, that violates the FLSA and Texas law—that Defendant systematically fails to pay these employees for all hours worked. Defendant requires these workers to remain on-duty and subject to interruption during unpaid, 30-minute meal breaks. Defendant further requires patient care workers like Plaintiff to arrive early for their shifts while instructing these workers not to clock in until a set time, and instructing them to clock out at a set time while expecting the workers to stay late and perform services while off-the-clock.

Plaintiff contends these system-wide practices deprive non-exempt patient care workers of a bona fide unpaid meal break because the workers remain on-duty even though they are not being paid for that time. Plaintiff also asserts that Defendant instituted a timekeeping practice that requires patient care staff to perform duties for the benefit of Defendant while not clocked in, resulting in compensable time worked for Defendant that goes unpaid. Thus, there are potentially hundreds of individuals who likely have been harmed in the same manner as Plaintiff and are entitled to unpaid wages. Plaintiff seeks to discover the identities and contact information for these potential class members and opt-in plaintiffs, as well as other readily discoverable documents being withheld by Defendant, such as job descriptions and orientation materials.

Courts in this district and throughout the country have specifically found this information to be relevant and discoverable, even pre-certification of any class or collective process. However,

Defendant refuses to provide this information, and instead has attempted to unilaterally narrow the scope of discovery only to a specific subset of workers: the Named Plaintiff and approximately 20 registered nurses who worked in a single department in one hospital. After meeting and conferring, and having reached an impasse, Plaintiff now respectfully requests the Court's compel Baptist Hospitals to fully respond to Plaintiff's discovery requests.

### IV.    FACTUAL BACKGROUND

Plaintiff was employed by Baptist Hospitals as a nurse from approximately May 2016 to July 2018. *See* Dkt. 1 at ¶ 12. Defendant classified Plaintiff as a non-exempt employee, but did not provide a bona fide meal period which primarily benefited Plaintiff. *Id.* at ¶ 29. Defendant also required Plaintiff to perform work for the benefit of Baptist Hospitals while Plaintiff was not clocked in for work, pre- and post-shift. *Id.* at ¶ 32. Plaintiff alleges that Defendant enacted a policy whereby patient care staffs' 30-minute meal periods are automatically deducted from their daily time, even though these meal periods are consistently interrupted, subject to interruption, or otherwise on-duty, and therefore should be compensable. Plaintiff also alleges that Defendant's policies and practices require patient care staff to perform work for the benefit of Defendant before clocking in for work and after they clock out for work, which goes unpaid despite Defendant's constructive knowledge of the off-the-clock work. Defendant's policies and practices result in Defendant failing to pay Plaintiff, Class and Collective members proper regular wages and overtime compensation for this work.

In this action brought under the FLSA and Texas state law, Plaintiff seeks to vindicate her rights and the rights of those similarly situated current and former patient care staff who worked at Baptist Hospitals' various facilities throughout Texas, primarily in the Beaumont area. Specifically, Plaintiff's claims are brought on behalf of all current and former non-exempt, hourly-

paid patient care workers (such as nurses, CNAs, nursing aides, nursing assistants, technicians, clerks, therapists, and others with similar patient care job duties) employed by Baptist Hospitals' facilities throughout Texas during the relevant time periods. *See* Dkt. 1 at ¶¶ 45, 63.

To gather evidence in support of Plaintiff's anticipated motions for (1) conditional certification pursuant to the FLSA § 216(b), and (2) class certification under Rule 23, Plaintiff served interrogatories and requests for production of documents to Defendant seeking information concerning the scope of the putative Class and Collective definitions at issue. Plaintiff requested Defendant disclose the identities and contact information for the Class and Collective members, job descriptions, and orientation/new hire materials. In particular, Plaintiff's Interrogatory No. 1 states as follows:

> Identify all Putative Texas Class Members, stating each individual's (a) full name; (b) job title and dates of employment with Defendant; (c) employment location at which the individual worked for Defendant; (d) last known residence, telephone number, and cell phone number; and (e) last known personal email address.

*See* Exhibit 1 at p. 7. *See also* Interrogatory No. 2 (seeking the same information for the FLSA putative collective members). Plaintiff also propounded a specific request for production seeking a list of the same information. *See* Exhibit 2 at p. 11, Request for Production Nos. 13 and 14.

Plaintiff has sought the names and contact information of other patient care staff currently and previously employed by Defendant from March 4, 2016[1] to the present date. Plaintiff has also sought materials consisting of job descriptions and orientation/new hire materials provided to Class and Collective members, which ostensibly include information provided to Class and Collective members related to Defendant's overtime, timekeeping, and meal break policies. *See*

---

[1] Plaintiff's Texas state law wage claims carry a four-year limitations periods. *See* TEX. CIV. PRAC. & REM. CODE § 16.004; *Quigley v. Bennett*, 256 S.W.3d 356, 361 (Tex.App.—San Antonio 2008, no pet.); *Pepi Corp. v. Galliford*, 254 S.W.3d 457, 461 (Tex.App.—Houston [1st Dist.] 2007, no pet.). Plaintiff's FLSA claims carry a maximum three-year limitations period. 29 U.S.C. § 255. Based on Defendant's representations, it is Plaintiff's understanding that the total number of class members is approximately 2,560 individuals.

Exhibit 2 at p. 9 (Request No. 3), p. 10 (Request Nos. 9 and 10). This information is directly relevant to whether Plaintiff and putative Collective members are similarly situated under § 216(b). This information is also directly relevant to whether Plaintiff can satisfy Rule 23's requirements, including the number of class members, the existence of common questions, the typicality of claims, and Plaintiff's ability to represent the class.

Defendant has refused to produce this information unless ordered to do so by the Court. Instead, Defendant has taken the position that it can unilaterally narrow the scope of discovery, that such information is "premature" because the Court has not certified the claims, and will only provide limited information as to Named Plaintiff Roberts, as well as twenty-three other Registered Nurses who worked in the Adult Psych Unit of Baptist Behavioral Health Center. *See*, *e.g.*, Exhibit 3 at pg. 3 (Interrogatory No. 1); Exhibit 4 at pg. 5 (Request No. 3 – producing only the named Plaintiff's job descriptions and no others), pg. 10-11 (Request Nos. 9 and 10 – producing only documents found in the named Plaintiff's personnel files and no others). Even for the information provided about those limited number of additional RNs, Defendant has withheld their contact information, which would allow Plaintiff to interview those individuals to assess whether they are similarly situated to Plaintiff. Defendant's discovery responses are purposefully deficient.

Plaintiff requests an order compelling Defendants to produce the requested information about these prospective witnesses and collective members.

## V.    ARGUMENT AND AUTHORITIES

### A.    Legal standard.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In fact, relevant information need not be admissible at trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence. *Id.* "The rules of discovery are accorded a broad and liberal application to affect their purpose of adequately informing litigants in civil trials." *Weatherford Tech. Holdings v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 U.S. Dist. LEXIS 239350, at *4 (E.D. Tex. Apr. 27, 2018) (citing *Herbert v. Lando*, 441 U.S. 153, 176 (1979)).

The party requesting discovery may move to compel disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable. *See* Fed. R. Civ. P. 37; *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). The moving party bears the burden of showing that the materials and information sought are "relevant to any party's claim or defense and proportional to the needs of the case . . . ." *See* Fed. R. Civ. P. 26(b)(1); *Knight*, 241 F.R.D. at 263. Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to demonstrate why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive and thus should not be permitted. *See, e.g., SSL Services, LLC v. Citrix Systems, Inc.*, No. 2-08-cv-158-TJW, 2010 WL 547478 at *2 (E.D. Tex. Feb. 10, 2010) (citation omitted).

**B.      The discovery of the identities and contact information for the putative Class and Collective members is routinely discoverable under Rule 26.**

With particular regard to pre-certification discovery in representative actions, the Supreme Court has stated that "discovery often has been used to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, common questions, and adequacy of representation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978).

The same reasoning applies equally to collective actions under the FLSA. While a minority of cases outside the Fifth Circuit have held it premature to order discovery of information about

opt-in collective members prior to granting conditional certification under the FLSA, many courts have granted limited collective discovery prior to certification based on situations where (1) the requested information is relevant to the case, claims or defenses, (2) the named plaintiff had no other way of obtaining the information that was in the hands of the defendant, and (3) a motion to compel was filed prior to the certification stage. *See also Briones v. Kinder Morgan, Inc.*, CV H-15-2499, 2016 WL 6804862, at *4 (S.D. Tex. Nov. 17, 2016) (citing *Yoakum v. PBK Architects, Inc.*, No. H-10-00278, 2010 WL 4053956, at *6 (S.D. Tex. Oct. 14, 2010)).

Numerous district courts, including within the Eastern District of Texas, have specifically permitted pre-certification discovery of the class list in FLSA collective actions. *See Sedtal v. Genuine Parts Co.*, No. 1:08-CV-413-TH, 2009 WL 2216593, at *7 (E.D. Tex. July 23, 2009) (granting motion to compel identities and contact information of collective members based on the remedial purpose of the FLSA and the court's broad discretion under Rule 26); *Velasquez v. WCA Management Company, L.P.*, No. 4:15-CV-02329, 2017 WL 1405078, at *3 (S.D. Tex. Apr. 20, 2017) (granting emergency motion to compel list of potential opt-in plaintiffs); *Briones*, 2016 WL 6804862, at *4 (ordering limited discovery of class list prior to FLSA conditional certification and listing cases that permit such discovery); *Burdine v. Covidien, Inc.*, No. 1:10-CV-194, 2011 WL 613247, at *2 (E.D. Tenn. Feb. 11, 2011) (finding good cause to permit pre-certification discovery of potential plaintiffs' contact information in FLSA case); *Martin v. American Traveler Staffing Professionals, LLC*, No. 08-80461-CIV, 2008 WL 7863654, at *2 (S.D. Fla. Sept. 9, 2008) (permitting discovery of all employees or former employees who performed duties similar to those of plaintiff and were compensated in a similar manner); *Miklos v. Golman-Hayden Cos.*, No. 2:99-CV-1279, 2000 U.S. Dist. LEXIS 22352, at *4-6 (S.D. Ohio 2000) (allowing discovery "to identify

those employees who may be similarly situated and who may therefore ultimately seek to opt into the action"). The Court should do the same here and compel Defendant to produce this information.

### i. Plaintiff should be allowed to conduct discovery on an equal footing with Defendant.

The information Plaintiff seeks is within Defendant's sole possession, is certainly relevant to the claims asserted in this action, and is necessary to present the collective and class certification issues to the Court. Plaintiff requires the names and contact information of Baptist Hospitals' patient care staff to support her motion for conditional certification under the FLSA, in which she will argue that she is similarly situated to the collective members.[2] This information is likewise relevant to the Rule 23 prerequisites, including whether common questions of law or fact exist, whether joinder is impractical, and that her claims are typical of the claims of the putative class members. *See Putnam v. Eli Lily & Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) ( "Plaintiff has shown a legitimate need for the requested information to determine, among other things, whether common questions of law or fact exist and if plaintiff's claims are typical. The need is especially compelling here where the information to be disclosed concerns not disinterested third parties, but rather potential plaintiffs themselves."). The names and contact information sought from Defendant plainly falls within the category of relevant information defined by Rule 26(b)(1), and will lead to facts that will assist this Court in determining whether the various certification requirements are satisfied in this case.

---

[2] Conversely, this information may underscore inadequacies in the group of potential opt-in plaintiffs. *See, e.g., Detho v. Bilal*, No. H-07-2160, 2008 WL 2962821, at *1-2 (S.D. Tex. July 29, 2008) (denying conditional certification where court previously ordered defendants to provide plaintiff with identities of employees over preceding three years and plaintiff still could not provide proof that any specific putative collective member was interested in joining the suit). Either way, ordering discovery at this stage will provide more clarity about the merits of the proposed collective at the time certification is considered.

In FLSA collective and Rule 23 class actions across the country, courts routinely grant similar pre-certification disclosure of potential opt-in plaintiffs in wage-and-hour actions on grounds similar to those asserted here. *See, e.g., Sedtal*, 2009 WL 2216593, at *7 ("Allowing Plaintiffs to discover this information at this time may help them demonstrate that a sufficient number of similarly situated plaintiffs exists to conditionally certify the action."); *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 671 (D. Kan. 2003) (pre-certification disclosure of putative collective members is "necessary for the plaintiff to properly define the proposed class."); *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011) ("The disclosure of names, addresses, and telephone numbers is a common practice in the class action context.") (citing *Currie-White v. Blockbuster, Inc.*, No. C 09-2593 MMC (MEJ), 2010 WL 1526314 (N.D. Cal. Apr. 15, 2010)); *Paulino v. Dollar Gen. Corp.*, 3:12-CV-75, 2013 WL 2444700, at *3 (N.D. W. Va. June 5, 2013) (ordering defendant to disclose former employee names and contact information where plaintiff showed a legitimate need for the requested information to determine whether common questions of law or fact exist and whether plaintiff's claims are typical); *Morden v. T-Mobile USA, Inc.*, No. C05-2112 RSM, 2006 WL 1727987, at *2 (W.D. Wash. June 22, 2006) ("[P]rovisional certification is not necessarily a prerequisite for conducting limited discovery necessary for defining the proposed class.").

Even where a plaintiff's motion to certify a collective action fails to assert facts sufficient to meet the § 216(b) threshold, courts have often ordered the disclosure of contact information for potential opt-in plaintiffs so that discovery into the collective allegations could continue and the plaintiffs could renew their motion for certification at a later date. *See Castro v. Spice Place, Inc.*, No. 07 Civ. 4657, 2009 WL 229952, at *3-5 (S.D.N.Y. Jan. 30, 2009) (denying FLSA collective action certification due to failure to demonstrate existence of a common policy or plan but granting

leave to renew motion once further discovery had been completed); *Flores v. Osaka Health Spa, Inc.*, No. 05 Civ. 962, 2006 WL 695675, at *4 (S.D.N.Y. Mar. 16, 2006) (denying certification under § 216(b) but ordering defendants to disclose names of all employees with plaintiff's job title during three-year period preceding filing of action); 7B Charles Alan Wright et al., *Federal Practice and Procedure* § 1807 (3d ed. 1998) ("If conditional certification is denied, the court may allow discovery to provide plaintiffs a second opportunity to obtain sufficient evidence of a collective to warrant conditional certification and the notice to opt in.").

Plaintiff is entitled to discover whether Defendant's implementation of its written policies was compliant with the FLSA and state law by interviewing the class members directly. Defendant's refusal to provide that information deprives Plaintiff the ability to conduct such vital interviews with potential percipient witnesses that have relevant and discoverable information.

Further, Plaintiff is entitled to discovery of this information so as to be able to conduct class and collective discovery on an equal footing with Defendant. *See Babbitt v. Albertson's, Inc.*, No. C-92-1883-SBA (PJH), 1992 WL 605652, at *5 (N.D. Cal. Nov. 30, 1992) (where defendant had access to information, "plaintiffs should have the same access to the information at the class certification stage."). Defendant obviously possesses the names and contact information for its current and former employees. Plaintiff should not be placed at a disadvantage in this respect. To level the playing field, Plaintiff must be permitted access to the same information concerning putative collective members that Defendant already possesses.

ii.     ***Sedtal* and *Briones* make clear that the identities and contact information of putative collective members is relevant and discoverable.**

In *Briones v. Kinder Morgan*, 2016 WL 6804862 (S.D. Tex. Nov. 17, 2016), Judge Miller addressed whether the "class list" information sought by Plaintiff is discoverable. In *Briones*, the employee brought a FLSA collective action and served interrogatories and requests for production

requesting the names, addresses, telephone numbers, and dates of employment for all collective members as defined in the complaint. *Id.* at *1. Plaintiff requested the information in order to "narrow the issues in dispute and assist the parties in identifying whether the [Collective] Members desire to opt into the case"—a prerequisite for conditional certification. *Id.* Defendant opposed producing the contact information for potential opt-ins, arguing the discovery was not relevant to any party's claim or defense. *Id.* at *2. Judge Miller disagreed, finding that "the contact information [of the proposed collective members] will provide more certainty about the merits or inadequacies of the proposed class. Disclosing the class list at this time may assist [plaintiff] in deciding whether to seek certification of a collective action." *Id.* at *3 (citations omitted).

Similarly, in *Sedtal v. Genuine Parts*, 2009 WL 2216593 (E.D. Tex. July 23, 2009), Judge Heartfield allowed discovery regarding the identities of the potential collective members in a FLSA case. *Id.* at *7. In *Sedtal*, the court noted that there were a number of cases that have allowed discovery regarding the identities of the collective members prior to certification. *Id.* The *Sedtal* court stated as follows:

> Allowing Plaintiffs to discover this information at this time may help them demonstrate that a number of similarly situated plaintiffs exist to conditionally certify the action. *See Fei* [*v. WestLB AG*, No. 07CV8785(HB)(FM),] 2008 U.S. Dist. LEXIS 33310, at *5, 2008 WL 594769 [(S.D.N.Y. Mar. 5, 2008)]. Conversely, it may underscore inadequacies in the group of potential plaintiffs. *See Detho v. Asia Bilal*, [] 2008 WL 2962821 (S.D. Tex. July 29, 2008) ([ ] conditional certification denied when court ordered defendants to provide plaintiff with identities of employees over preceding three years and plaintiff still could not provide proof that any specific putative class member was interested in joining the suit). Either way, ordering discovery at this early stage will provide more certainty about the merits of the proposed class at the time certification is considered.

*Id.*

Ultimately, as in *Briones* and *Sedtal*, courts have acknowledged that discovery regarding the identities of the Class and Collective Members serves an important purpose as it can narrow the issues in dispute and assist the parties in identifying whether the Collective Members desire to opt into the case. This information allows litigants to perform a thorough investigation regarding the scope of the potential opt-ins and the number of people affected.

**C.     Plaintiff is entitled to discover the job descriptions and orientation materials provided to putative Class and Collective members.**

Plaintiff has requested "[a]ll documents relating to the job description(s) of Plaintiff, Putative Texas Class Members, and Putative Collective Members, and any documents concerning any variation in title, type, level, compensation, and/or grade regarding those job descriptions." *See* Exhibit 2 at p. 9 (Request No. 3). In response, Defendant asserted various objections and then answered "subject to" those objections only as to Named Plaintiff Roberts. *See* Exhibit 4 at p. 5.

In a FLSA collective action for unpaid overtime wages, job descriptions are directly relevant to the issue of whether the proposed collective is comprised of "similarly situated" workers as that term is understood under FLSA § 216(b). *See Garnett v. Bank of Am.*, 243 F. Supp. 3d 499, 512 (D. Del. 2017) ("For someone to be similarly situated, relevant factors might include whether the comparators [] had the same job description" (quoting *Salas v. Wisconsin Dep't of Corr.*, 493 F.3d 913, 923 (7th Cir. 2007)); *Taffe v. Ill. Dep't of Empl. Sec.*, 229 F. Supp. 2d 858, 864-65 (N.D. Ill. 2002) ("Although the job description(s) is not really essential to the Court's decision herein, because Plaintiff contends that she is similarly situated to Smith, these job descriptions are relevant to show that Smith and Plaintiff are not similarly situated in that they did not, inter alia, hold the same position or perform the same duties."); *Gardner v. W. Beef Props.*, No. 07-CV-2345 (NGC) (JMA), 2013 U.S. Dist. LEXIS 56511, at *15 (E.D.N.Y. Mar. 25, 2013) ("Company-wide policies, such as

job descriptions that set out the duties of the opt-ins, are relevant to determining whether the opt-ins are similarly situated." (internal citations omitted)).

Plaintiff has also sought orientation materials provided to Class and Collective members. *See* Exhibit 4 at p. 10 (Request No. 10). Orientation materials speak directly to whether the Collective members are similarly situated, as well as the merits of these claims. *See, e.g., Bucceri v. Cumberland Farms, Inc.*, No. 1:15-cv-13955-IT, 2020 U.S. Dist. LEXIS 1331, at *11 (D. Mass. Jan. 6, 2020) (compelling disclosure of training and orientation materials, noting a "court order should not have been necessary for Defendant to produce [such] responsive documents"); *Gomez v. Tyson Foods, Inc.*, No. 8:08CV32, 2012 U.S. Dist. LEXIS 106274, at *9-10 (D. Neb. July 31, 2012) (finding that orientation materials are relevant discovery in FLSA case).

To be clear, Plaintiff is not asking Defendant to look through the individual personnel records of each and every Class member to find responsive materials, but is merely seeking exemplar job descriptions and orientation materials that are applicable to nurses, nursing assistants, nursing aides, and other non-exempt workers with similar patient care duties employed by Defendant. Plaintiff is entitled to the job descriptions of similarly situated individuals and the orientation materials that would be seen by the Class members, and Defendant should produce same.

<u>C</u><small>ONCLUSION</small>

For the foregoing reasons, Plaintiff respectfully requests that the Court compel Defendants to supplement and amend their responses to written discovery, by no later than fourteen (14) days following the entry of an order on this Motion, as follows:

1.  Disclose the names and contact information, including last known addresses, phone numbers, and email addresses, of all former and current non-exempt patient care

workers from all of Defendant's facilities, from March 4, 2016 to the present date (Interrogatory Nos. 1 and 2, and/or Request for Production Nos. 13 and 14);

2. Produce the job descriptions for the putative Class and Collective members utilized from March 4, 2016 through the present (Request for Production No. 3); and

3. Produce all orientation materials provided to putative Class and Collective members from March 4, 2016 through the present (Request for Production Nos. 9 and 10).

Plaintiff further requests any such other relief to which she may be entitled under law or in equity.

Dated: November 6, 2020.

Respectfully submitted,

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS, LLP

*/s/ William M. Hogg*

Carolyn H. Cottrell (*pro hac vice*)
David C. Leimbach (*pro hac vice*)
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com

William M. Hogg
3700 Buffalo Speedway, Suite 300
Houston, Texas 77098
Tel: (713) 338-2560
Fax: (415) 421-7105
whogg@schneiderwallace.com

*Counsel for Plaintiff, Class and Collective Members*

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that I have made good faith attempts to confer with counsel for Defendants prior to filing this motion. The parties held a telephonic conference on October 29, 2020, and exchanged written correspondence before that phone call, discussing the discovery dispute described herein. Counsel for Defendant confirmed an impasse and that Defendant would not produce the documents and information requested absent an order from the Court compelling Defendant to do so.

*/s/ William M. Hogg*
William M. Hogg

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 6, 2020, I filed this document through the Court's CM/ECF system, which will serve a copy on all parties of record.

*/s/ William M. Hogg*
William M. Hogg