| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

LINDA ROBERTS, §
　　　　　　　　　　　　　　§
　　　　　Plaintiff, §
　　　　　　　　　　　　　　§
versus　　　　　　　　　　§　　CIVIL ACTION NO. 1:20-CV-92
　　　　　　　　　　　　　　§
BAPTIST HEALTHCARE SYSTEM, LLC, §
*et al.*, §
　　　　　　　　　　　　　　§
　　　　　Defendants. §

**MEMORANDUM AND ORDER**

Pending before the court is Defendants Baptist Hospitals of Southeast Texas ("BHST") and Baptist Behavioral Health Center's ("BBHC") (collectively "Baptist") Motion for Partial Dismissal Under Rule 12(b)(6) (#16). Plaintiff Linda Roberts ("Roberts") filed a response (#18) and Baptist filed a reply (#20). Having considered the motion, the submissions of the parties, the parties' pleadings, and the applicable law, the court is of the opinion that the motion should be denied.

I.　Background

Roberts's claims arise from her employment with Baptist that lasted approximately 18 months and ended in July 2018. BHST operates various healthcare facilities in Southeast Texas, including BBHC. Roberts alleges that Baptist's "payroll policy and practice does not compensate hourly-paid patient care staff for work performed during meal periods." She alleges that Baptist automatically deducts 30 minutes for patient care staff each day for their unpaid lunch break. Roberts contends that, in practice, patient care staff are unable to take an uninterrupted lunch break because "they are required to respond to calls from their patients, doctors, patients' families,

other patient care staff and hospital staff, attend to the normal demands of the job, and otherwise respond to emergencies."

Roberts also claims that she and others were required to perform work "off-the-clock." She alleges that Baptist's "strict clock-out time policy" required staff members to arrive early to perform tasks, work outside of scheduled hours during shift changes, and complete charting, paperwork, and various tasks before clocking in and after clocking out. According to Roberts, she was not compensated for the hours that she worked "off-the-clock." She contends that at least for some of the weeks that she worked, Baptist required her to work in excess of 40 hours per week.

Roberts filed this lawsuit on March 4, 2020. In her Original Complaint, she seeks to assert claims for failure to pay overtime compensation for improper automatic time deductions and "off-the-clock" work as a collective action under 29 U.S.C. § 216, the Fair Labor and Standards Act ("FLSA"). She also seeks to assert Texas common law claims for quantum meruit, money had and received, and unjust enrichment as a class action under Rule 23 of the Federal Rules of Civil Procedure. In her Original Complaint, Roberts specifically states:

> Plaintiff's state law claims are not preempted by the FLSA because Plaintiff seeks to recover back wages under Texas state law to the extent those state law claims do not overlap with the FLSA's overtime provisions, including gap time claims for regular, non-overtime wages owed[,] and overtime claims that fall outside of the FLSA's statute of limitations.

In the present motion, Baptist argues that Roberts's state law claims are not cognizable because they are preempted by the FLSA.

2

II.     Analysis

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests only the formal sufficiency of the statement of a claim for relief and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); *Wilson v. Hous. Cmty. Coll. Sys.*, 955 F.3d 490, 495 (5th Cir. 2020); *IberiaBank Corp. v. Ill. Union Ins. Co.*, 953 F.3d 339, 345 (5th Cir. 2020); *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019). It is not a procedure for resolving contests about the facts or the merits of a case. *See Stanfield v. Bos. Sci. Corp.*, 166 F. Supp. 3d 873, 877 (S.D. Tex. 2015); 5B CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2019). In ruling on such a motion, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *Hernandez v. Mesa*, ___ U.S. ___, 137 S. Ct. 2003, 2005 (2017); *Wilson*, 955 F.3d at 495; *IberiaBank Corp.*, 953 F.3d at 345 (citing *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013)); *Walker*, 938 F.3d at 735. The court, however, does not "strain to find inferences favorable to the plaintiff[]" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004); *accord Modelist v. Miller*, 445 F. App'x 737, 739 (5th Cir. 2011); *Jones v. Dickerson*, No. CV H-19-3876, 2020 WL 6504456, at *2 (S.D. Tex. Nov. 5, 2020).

"[T]he plaintiff's complaint [must] be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged." *Ramming*, 281 F.3d at 161 (citing *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Davis v. Tex. Health & Human Servs. Comm'n*, 761 F. App'x 451, 454 (5th Cir. 2019); *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1374 (2017). "Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Walker*, 938 F.3d at 734 (quoting *Iqbal*, 556 U.S. at 678). Hence, "a complaint's allegations 'must make relief plausible, not merely conceivable, when taken as true.'" *Id.* (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009)); *see Longoria ex rel. M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 263 (5th Cir. 2019) ("Though the complaint need not contain 'detailed factual allegations,' it must contain sufficient factual material to 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (quoting *Iqbal*, 556 U.S. at 678)).

"[A] motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)); *accord IberiaBank Corp.*, 953 F.3d at 345; *Leal*, 731 F.3d at 410. "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in [her] behalf, the complaint states any valid claim for relief." *Collins*, 224 F.3d at 498; *accord Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014)

4

(noting that at the 12(b)(6) stage the court's task "is to determine whether the plaintiff [has] stated a legally cognizable claim that is plausible, not evaluate the plaintiff's likelihood of success"); *Leal*, 731 F.3d at 410. "In other words, a motion to dismiss an action for failure to state a claim 'admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.'" *Ramming*, 281 F.3d at 161-62 (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992)); *accord Yazdi v. Lafayette Par. Sch. Bd.*, No. 6:18-CV-00510, 2020 WL 5876703, at *2 (W.D. La. Sept. 30, 2020); *Lopez-Flores v. Ibarra*, No. 1:17-CV-00105, 2018 WL 6577955, at *2 (S.D. Tex. Mar. 12, 2018).

    A.    <u>Timeliness</u>

As a preliminary issue, Roberts asserts that Baptist's motion to dismiss is untimely. Generally, to be timely, a Rule 12(b) motion must be filed before any responsive pleadings. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *accord Young v. City of Houston*, 599 F. App'x 553, 554 (5th Cir. 2015); *Christina v. Pitt*, No. 4:20-CV-00534-CAN, 2020 WL 6684889, at *4 (E.D. Tex. Nov. 12, 2020); *Almanza v. Salazar*, 33 F. Supp. 3d 747, 750 (S.D. Tex. 2013). Nevertheless, where defendants list the defense of failure to state a claim as an affirmative defense in their answer, they have preserved the right to file a motion to dismiss on that ground after their responsive pleadings. *See* FED. R. CIV. P. 12(b)(6); *Delhomme v. Caremark Rx Inc.*, 232 F.R.D. 573, 575 (N.D. Tex. 2005); *accord Brown v. City of Alexandria*, No. CV 17-0798, 2018 WL 2425097, at *1 (W.D. La. May 29, 2018); *Hoyt v. Saxon Mortg. Servs., Inc.*, No. 3:15-CV-3693-G, 2016 WL 3855176, at *3 (N.D. Tex. July 15, 2016).

Moreover, the United States Court of Appeals for the Fifth Circuit permits courts to construe an untimely 12(b)(6) motion—*i.e.*, a 12(b)(6) motion filed after an answer—as a motion

for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  *See Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 793, 797 (5th Cir. 2017), *cert. denied,* 140 S. Ct. 840 (2020); *Young*, 599 F. App'x at 554; *Jones*, 188 F.3d at 324; *Mote v. Walthall*, No. 4:16-CV-00203, 2017 WL 515411, at *3 (E.D. Tex. Feb. 8, 2017).  Rule 12(c) motions may be filed after the pleadings are closed.  *Jones*, 188 F.3d at 324; *accord Mote*, 2017 WL 515411, at *3.  In other words, when a party files a 12(b)(6) motion after filing an answer or other responsive pleading, "[s]uch motions are treated as a motion for judgment on the pleadings based on a failure to state a claim on which relief may be granted."  *Jones*, 188 F.3d. at 324 (citing *Nat'l Ass'n of Pharm. Mfrs. v. Ayerst Labs.,* 850 F.2d 904, 909 n. 4 (2d Cir.1988)); *accord Mote*, 2017 WL 515411, at *3.

District courts within the Fifth Circuit "do not mechanically or routinely deny any motion made after a responsive pleading as untimely."  *Puckett v. United States*, 82 F. Supp. 2d 660, 663 (S.D. Tex. 1999), *aff'd*, 213 F.3d 636 (5th Cir. 2000); *accord Hoyt*, 2016 WL 3855176, at *3; *Doe v. Bates*, No. 5:05-CV-91-DF-CMC, 2006 WL 3813758, at *9 (E.D. Tex. Dec. 27, 2006). Further, it is unnecessary to distinguish between claims that are subject to dismissal under Rule 12(b)(6) and those that are subject to dismissal under Rule 12(c).  *Mote*, 2017 WL 515411, at *3 ("Regardless of how the motion is characterized, this distinction does not affect the court's legal analysis because the standards for motions under Rule 12(b)(6) and 12(c) are identical.") (quoting *Bond St. Ltd, LLC v. Liess*, No. 4:12-CV-755, 2014 WL 1287620, at *3 (E.D. Tex. Mar. 31, 2014)); *Saenz v. JP Morgan Chase Bank, N.A.*, No. 7:13-CV-156, 2013 WL 3280214, at *1 (S.D. Tex. June 27, 2013); *see Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied sub nom. Xavier Univ. of La. v. Travelers Cas. Prop. Co. of Am.*, 552 U.S. 1182 (2008) (noting that the

standards for deciding a motion under 12(b)(6) and 12(c) are the same). As with a 12(b)(6) motion, when considering a motion for judgment on the pleadings under Rule 12(c), the court is generally limited to "the contents of the pleadings, including attachments thereto." *See* FED. R. CIV. P. 12(d) (applying the same standard to consideration of matters outside the pleadings in both the Rule 12(c) and Rule 12(b)(6) contexts); *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Amaya*, 980 F. Supp. 2d at 776.

Baptist filed its Original Answer on May 26, 2020. Over five months later, it filed its Rule 12(b)(6) motion. In its Original Answer, however, Baptist asserted as an affirmative defense: "Roberts fails to state a cause of action, in whole or in part, upon which relief can be granted." By pleading this affirmative defense, Baptist preserved the right to file a motion to dismiss on that ground after filing its Original Answer. *See Brown*, 2018 WL 2425097, at *1; *Hoyt*, 2016 WL 3855176, at *3; *Delhomme*, 232 F.R.D. at 575. Further, even if Baptist had not preserved its right to file a 12(b)(6) motion, the court could construe its motion as a motion for judgment on the pleadings under Rule 12(c). Thus, Baptist's motion is timely filed and the court will consider the motion on the merits.

  B. <u>Preemption of State Law Claims</u>

In its motion to dismiss, Baptist contends that Roberts's state common law claims are preempted by the FLSA and, therefore, must be dismissed. The Supremacy Clause of the United States Constitution empowers Congress to enact laws that supersede state law by means of an express provision in a federal statute or by implication. *See* U.S. CONST. art. VI; *Arizona v. United States*, 567 U.S. 387, 398-99 (2012); *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000); *N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514

U.S. 645, 654 (1995); *Coastal Habitat All. v. Patterson*, 385 F. App'x 358, 359 (5th Cir. 2010); *Planned Parenthood of Hous. & Se. Tex. v. Sanchez*, 403 F.3d 324, 336 (5th Cir. 2005). When determining whether a federal statute or regulation preempts state law, "the purpose of Congress is the ultimate touchstone." *Hughes v. Talen Energy Mktg., LLC*, ___ U.S. ___, 136 S. Ct. 1288, 1297 (2016); *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996); *United Motorcoach Ass'n, Inc. v. City of Austin*, 851 F.3d 489, 492 (5th Cir. 2017); *Franks Inv. Co. LLC v. Union Pac. R.R. Co.*, 593 F.3d 404, 407 (5th Cir. 2010).

Congress can show preemptive intent either expressly through the statute's language or impliedly through its aim and structure. *Altria Grp., Inc. v. Good*, 555 U.S. 70, 76 (2008); *United Motorcoach Ass'n*, 851 F.3d at 492; *Tex. Cent. Bus. Lines Corp. v. City of Midlothian*, 669 F.3d 525, 529-30 (5th Cir. 2012); *Franks Inv. Co. LLC*, 593 F.3d at 407. "Implied preemption may take two forms: field preemption and conflict preemption." *Janvey v. Democratic Senatorial Campaign Comm., Inc.*, 712 F.3d 185, 200 (5th Cir. 2013); *Franks Inv. Co. LLC*, 593 F.3d at 407; *Gallo v. Union Pac. R.R. Co.*, 372 F. Supp. 3d 470, 479 (W.D. Tex. 2019). Field preemption occurs when federal law is so pervasive that it leaves no room for state supplementation. *Janvey*, 712 F.3d at 200; *accord Franks Inv. Co. LLC*, 593 F.3d at 407. Conflict preemption occurs when state law "actually conflicts" with federal law. *Janvey*, 712 F.3d at 200. State law "actually conflicts" with federal law in two circumstances: (1) where it is impossible for a private party to comply with both state and federal law; and (2) where, under the circumstances of a particular case, the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes of the objectives of Congress. *Crosby*, 530 U.S. at 372-73; *Janvey*, 712 F.3d at 200.

"[W]here the claim at issue is pled as an alternative cause of action for conduct that is addressed by the FLSA and for which the [FLSA] provides a remedy, the common law claim is preempted." *Collins v. Treasure Bay LLC*, No. 1:19CV51-LG-RHW, 2019 WL 7875053, at *1 (S.D. Miss. Aug. 5, 2019) (quoting *Fountain v. Big River Lumber Co. LLC*, No. 5:16-CV-79-KS-MTP, 2017 WL 4364414, at *3 (S.D. Miss. Sept. 29, 2017)). "On the other hand, where the state law affords a remedy for conduct not otherwise addressed by the FLSA, there is no preemption." *Id*. Specifically, "[t]he liability provisions of the [FLSA] . . . are confined to providing reparation for 'unpaid overtime compensation' and 'unpaid minimum wages.'" *Casey v. Rainbow Grp., Ltd.*, 109 F.3d 765, 1997 WL 114915, at *5 (5th Cir.), *cert. denied*, 522 U.S. 814 (1997); *Karna v. BP Corp. N. Am.*, 11 F. Supp. 3d 809, 816 (S.D. Tex. 2014), *aff'd*, 609 F. App'x 814 (5th Cir. 2015). When state law claims are predicated on violations of the FLSA, courts in this circuit have found that the state law claims are preempted. *See, e.g., Bigbie v. EOG Res., Inc.*, No. 7:19-CV-00077-M-BP, 2020 WL 3420974, at *3 (N.D. Tex. May 27, 2020), *adopted by* No. 7:19-CV-00077-M-BP, 2020 WL 3415723 (N.D. Tex. June 22, 2020); *Wiatrek v. Flowers Foods, Inc.*, No. SA-17-CA-772-XR, 2018 WL 3040583, at *7 (W.D. Tex. June 16, 2018). Indeed, "state law claims are preempted by the FLSA to the extent the plaintiff seeks damages for unpaid minimum wages or unpaid overtime compensation." *Estraca v. Rockwater Energy Sols., Inc.*, No. 5:16-CV-310-DAE, 2016 WL 3748612, at *2 (W.D. Tex. July 7, 2016) (quoting *Coverly v. Christus Health*, 829 F. Supp. 2d 521, 525 (N.D. Tex. 2011)); *see Moctezuma v. Islas*, No. 4:18-CV-00342-ALM-CAN, 2019 WL 2308002, at *6 (E.D. Tex. Apr. 26, 2019), *adopted by* No. 4:18-CV-342, 2019 WL 2302712 (E.D. Tex. May 30, 2019) (noting that "the majority view is the FLSA does not preempt state-law based wage and hour claims that are *not*

duplicative of the FLSA claims") (quoting *Aponte v. Tex. Health Presbyterian Hosp.*, No. 4:15-cv-00422, 2016 WL 11472649, at *6 (E.D. Tex. Nov. 7, 2016)). Accordingly, as long as the plaintiff's "claim seeks neither the statutory minimum wage nor the statutory overtime premium rate, it cannot be said to be preempted by the FLSA." *Karna*, 11 F. Supp. 3d at 817; *see Estraca*, 2016 WL 3748612, at *2 (noting that the FLSA's preemption of state law claims "is not an absolute rule and certain breach of contract or quantum meruit claims are not preempted by the FLSA").

Roberts's state law claims include causes of action for quantum meruit, money had and received, and unjust enrichment. The claims relate to Baptist's alleged failure to compensate Roberts and others similarly situated for services performed "during unpaid meal break periods and while 'off-the-clock.'" Specifically, Roberts alleges that she "worked more than forty hours in at least one workweek during the three years before" she filed her complaint. She also claims that when she and those similarly situated "worked more than forty hours in a workweek, [Baptist] did not pay them one and one-half times their regular hourly rate." The court must accept the factual allegations of the complaint as true, view them in a light most favorable to Roberts, and draw all reasonable inferences in favor of Roberts. *Hernandez*, 137 S. Ct. at 2005; *Wilson*, 955 F.3d at 495; *IberiaBank Corp.*, 953 F.3d at 345; *Walker*, 938 F.3d at 735. Accordingly, the court will infer from Roberts's allegations that she worked less than 40 hours per week on occasion and, therefore, did not qualify for overtime compensation during those weeks. Therefore, the FLSA would not apply, but state law remedies would be available with respect to work time for which she was not compensated.

Roberts also alleges that during her employment with Baptist, she worked for "her regular hourly rate of pay" of $41.00 per hour, well above the federal minimum wage of $7.25. To support her state law claims, Roberts contends that her services "have a reasonable value of no less than the agreed upon hourly rate." Further, Roberts expressly states that she "seeks to recover back wages under Texas state law to the extent those state law claims do not overlap with the FLSA's overtime provisions, including gap time claims for regular, non-overtime wages owed and overtime claims that fall outside of the FLSA's statute of limitations."[1] Thus, Roberts's state law claims are based in part on wages allegedly withheld, which if paid, would not be classified as overtime pay because she did not work the requisite number of hours during a week to qualify for overtime compensation under the FLSA, and were in excess of the minimum wage.

"A claim seeking 'compensation for hours worked in a week that are not in excess of forty, [when] the average wage paid over all hours worked fewer than forty is not below minimum wage,' is known as a 'gap time.'" *Karna*, 11 F. Supp. 3d at 816 (quoting *Florida v. DLT 3 Girls, Inc.*, No. 4:11-CV-3624, 2013 WL 127448, at *5 (S.D. Tex. Jan. 9, 2013)). "While Section 6 of the FLSA guarantees a minimum wage, it does not provide a right of action for employees to recover unpaid compensation in excess of that minimum wage." *Id*. (citing 29 U.S.C. § 206). "Consequently, courts have routinely found that such 'gap time' claims are not cognizable under the FLSA." *Id*. (citing *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F. Supp. 2d 802, 811 (N.D. Tex. 2009)); *Green v. Dall. Cnty. Schs.*, No. 304CV891P, 2005 WL 1630032, at *3 (N.D. Tex. July 6, 2005)); *accord Serrano v. Republic Servs., Inc.*, No. 2:14-CV-77, 2017 WL 2531918, at *7

---

[1] While Roberts's heading for Count 3 characterizes it as "Failure to Pay Overtime," the heading itself is not dispositive. Roberts alleges facts supporting her claim for gap time, and her complaint expressly states that her state law claims are predicated on gap time. Accordingly, the court is satisfied that Roberts has sufficiently alleged facts supporting a claim for gap time.

(S.D. Tex. June 12, 2017) (noting that certain "'gap time' claims are not cognizable under the FLSA").

To the extent Roberts seeks recovery for gap time not covered by the FLSA overtime and minimum wage standards, her state common law claims are not preempted by the FLSA. Because the court finds that Roberts's FLSA claims do not preempt her state law claims for gap time, Roberts's claims survive.[2] When read in a light most favorable to Roberts, her complaint states cognizable claims for relief in Counts 3, 4, and 5 for quantum meruit, money had and received, and unjust enrichment under Texas law. Accordingly, the court declines to dismiss Roberts's state law claims under Rule 12(b)(6).

III.    Conclusion

Consistent with the foregoing analysis, Baptist's Motion for Partial Dismissal Under Rule 12(b)(6) (#16) is DENIED.

SIGNED at Beaumont, Texas, this 30th day of November, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[2] The court expresses no opinion as to whether Roberts's state law claims can extend to overtime claims that fall outside the FLSA's statute of limitations.