| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| LINDA ROBERTS and ELIZABETH ESPREE, on behalf of themselves and all others similarly situated, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION |
| v. | § § | CASE NO. 1:20-cv-92-MC |
| BAPTIST HEALTHCARE SYSTEM, LLC, BAPTIST HOSPITALS OF SOUTHEAST TEXAS, and BAPTIST BEHAVIORAL HEALTH CENTER | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

## PLAINTIFFS' MOTION FOR PROTECTIVE ORDER REGARDING PREMATURE DISCOVERY SERVED ON OPT-IN MEMBERS

### I.     INTRODUCTION

Plaintiffs Linda Roberts ("Plaintiffs"), Opt-in plaintiffs, and the proposed Class and Collective members hereby move the Court for a protective order preventing Defendants Baptist Healthcare System, LLC, Baptist Hospitals of Southeast Texas, and Baptist Behavioral Health Center, ("Baptist" or "Defendants") from conducting individualized discovery on the opt-in Plaintiffs before the close of the opt-in period. As of this juncture, Plaintiffs have not sent notice to the Collective, and as a result, discovery on opt-in plaintiffs in this case is premature.

### II.     FACTUAL AND PROCEDURAL BACKGROUND

This is a class and collective action on behalf of hourly-paid Psych Techs and Registered Nurses employed by Defendants at their Behavioral Health Facility who seek to recover unpaid wages, including regular wages and overtime wages. (*See* Dkts. 1, 54.) On March 12, 2021, Plaintiffs moved for conditional certification of a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and sought to certify a Collective

composed of patient care workers employed at any Baptist Hospital facility three years prior to the filing of the Original Complaint until the resolution of the action. (Dkt. 36.) On August 26, 2021, this Court denied Plaintiffs' Motion for Collective Treatment under the then new standard for whether opt ins were "similarly situated" articulated in *Swales v. KLLM Transp. Servs.*, L.L.C.,985 F.3d 430, 436 (5th Cir. 2021). (Dkt. No. 50). The Parties stipulated thereafter that Plaintiffs would amend her Complaint to allege a narrower collective and class definition limited to Nurses and Psych Techs at the Baptist Behavioral Health Center facility in response to the Court's order denying collective treatment. (Dkt. No. 52). The Court adopted the stipulation and directed Plaintiffs to file her amended complaint. (Dkt. No. 55). Plaintiffs filed her amended complaint on October 5, 2021. (Dkt. No. 54). Defendants have answered the amended complaint. (Dkt. No. 56).

Six opt in Plaintiffs joined the case prior to notice - after the Court denied Plaintiff Linda Robert's original Motion for Collective Treatment. (*See* Dkts. 61-66). Defendants served each of these six opt in plaintiffs with five Requests for Admissions, 23 Interrogatories, and 26 Requests for Production on February 18, 2022. (Declaration of Ved D. Chitale ("Chitale Decl.," ¶ 7, 8, 9). Defendants also served a Psych Tech who worked in the Behavioral Health Center and opted into the case prior to the denial of collective treatment (Dkt. 30), with the same discovery. (Chitale Decl, ¶ 3). The discovery was served to Plaintiffs' Counsel all on the same day, with the exception of one opt-in (Dkt. 66) who was served with the same discovery a few weeks later.[1] (Chitale Decl, ¶ 3). Because the discovery was propounded on February 18, 2022, responses are due on Monday March 21, 2022. (Chitale Decl, ¶ 3). Thus, this Motion is filed timely. *See* Fed. R. Civ. P. 33, 34, 36.

In total, Defendants have served 35 Requests for Admissions, 161 Interrogatories and 182 Requests for Production to opt ins who joined the case. (Chitale Decl, ¶ 3); *see* Exhibit 1 (Requests for Admissions to Opt in plaintiffs); see Exhibit 2 (Interrogatories to Opt in plaintiffs); and see Exhibit 3 (Requests for Production to Opt in plaintiffs).

---

[1] This opt-in Plaintiff (Brooke Corder) was served via counsel on March 2, 2022.

The Parties held a telephonic meet-and-confer by phone on February 23, 2022, where Plaintiffs tried to avoid motion practice over this issue. (Chitale Decl., ¶ 5.) Counsel for Plaintiffs asked opposing counsel if Defendants would consider staying the discovery propounded upon opt in plaintiffs until a decision on the then forthcoming Motion to Reconsider Denial of Collective Treatment. (*Id*. at ¶ 5.) Plaintiffs' counsel explained that following the Order on the Motion to Reconsider, the parties could negotiate a opt in discovery plan that was agreeable to all. (*Id*. at ¶ 5.) Plaintiffs' counsel explained their position that opt in discovery at this juncture is premature, and the amount of written discovery is inappropriate for opt in plaintiffs. (*Id*. at ¶ 5.) Counsel for Defendants explained that it would be unlikely that Defendant would agree to a stipulation to stay opt in discovery, but that he would ask Defendants and get back to Plaintiffs' counsel. (*Id*. at ¶ 5.) Opposing counsel subsequently confirmed on March 13, 2022, that Defendants are opposed to this present motion for protective order and Defendants believe their discovery is narrowly tailored and understandable to opt ins.[2] As of March 13, 2022, Defendants have also asked for depositions of opt-in plaintiffs. (Chitale Decl, ¶ 6).

Here, with this instant motion, Plaintiffs seek a temporary protective order prohibiting Defendants from prematurely seeking discovery from opt-in plaintiffs until after the close of the 90-day opt-in period, should the Motion to Reconsider be granted. To be clear, Plaintiffs are not requesting Defendants be prevented from conducting opt-in discovery. Rather, Plaintiffs propose that, at the end of the opt-in period—when the parties will be fully informed as to the size of the collective—the parties should confer on the proper scope of opt-in discovery.

### III. ARGUMENTS AND AUTHORITIES

**A. Good Cause Exists To Issue A Temporary Protective Order.**

The Court has discretion to prohibit or limit discovery by entering a protective order where good cause is shown. Fed. R. Civ. P. 26(c); *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998). "Because of the potential for abuse, a district court has both the duty and the broad authority

---

[2] *See* Exhibit 4.

to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89,101(1981). "The same rule applies in FLSA collective actions under 29 U.S.C. § 216(b)." *McKnight v. D. Houston, Inc.,* No. H-09-3345, 2010 U.S. Dist. LEXIS 129634, at *3 (S.D. Tex. Dec. 7, 2010) (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 164, 171 (1989)). Where the relevance of the requested information is low, avoiding the harm that comes with the burden of overbroad discovery constitutes "good cause" for a protective order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

1. **The Underlying Purpose of Collective Actions Is To Allow Individuals To Pool Resources, Save Costs, And Resolve Claims Efficiently.**

The purpose of collective actions under the FLSA are to (1) reduce the burden on plaintiffs through the pooling of resources, and (2) efficiently resolving common issues of law and fact that arise from similar illegal conduct. *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1264 (11th Cir. 2008) (citing *Hoffman-La Roche*, 493 U.S. at 170.) A collective action affords plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources, and the judicial system benefits by efficient resolution in one proceeding of common issues of law and fact. *Id.* "The collective mechanism [in the FLSA] is meant to ensure that party plaintiffs have the option of benefitting from the efficiencies of collective litigation[.]" *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1119 (9th Cir. 2018).

2. **It Is Premature For Defendants To Serve Individualized Discovery That Is Also Disproportional Before The Parties Know The Size Of The Collective.**

Plaintiffs have filed a Motion to Continue Deadlines, currently pending with the Court. (Dkt. 71). Plaintiffs have also filed a Motion for Reconsideration for Collective Treatment (Dkt. 68). Because Plaintiffs have a pending Motion for Reconsideration for Collective Treatment and because the opt-in period has not commenced or ended, it is unclear at this juncture how many

people will eventually join this collective action. Defendants have served written discovery on seven opt-in Plaintiffs. Plaintiffs' Motion to Reconsider potentially changes the landscape of this litigation, which was the basis for Plaintiffs' Motion to Continue Deadlines. As such, at the very least until the parties know whether this case will be continued and whether this case will proceed as a collective action with notice sent to putative opt-ins, Defendants no longer have a pressing need for opt in discovery responses. Therefore, individualized discovery is now only appropriate at the close of discovery. *See Linz v. Core Values Roadside Serv., LLC*, No. 2:20-cv-00107-SMJ, 2020 U.S. Dist. LEXIS 100176, at *6 (E.D. Wash. June 8, 2020) ("After the close of discovery, the employer may move for 'decertification' of the collective action[.]" (citing *Campbell*, 903 F.3d at 1109); *Randall v. Integrated Commun. Serv.*, No. C20-5438JLR, 2021 U.S. Dist. LEXIS 107424, at *8 (W.D. Wash. June 8, 2021) ("Assuming the collective action survives the first stage, the second stage comes 'at or after the close of relevant discovery' when '[t]he employer can move for decertification of the collective action for failure to satisfy the similarly situated requirement in light of the evidence produced to that point.'" (quoting *Campbell*, 903 F.3d at 1110)).

### 3. Individualized Discovery On Opt-Ins In FLSA Cases Must Be Reasonable And Proportional.

Putting aside the fact that the discovery propounded on opt-in plaintiffs is premature in light of the pending Motion to Reconsider, the Requests for Production and Interrogatories that Defendants served on opt in plaintiffs are overbroad, burdensome, and confusing. The nature of the discovery requests only reinforces Plaintiffs' argument above that a protective order should be entered to allow the parties to meet and confer after a decision on conditional certification notice. Forcing opt-in plaintiffs to object to overbroad, disproportional, and inappropriate discovery is not going to move this case forward and is a waste of resources.

### a. The Discovery Propounded Here Blurs The Line Between Discovery To named Plaintiffs And Discovery to Opt-In Plaintiffs.

Here, Defendants have served the exact same Requests and Interrogatories on Plaintiffs Linda Roberts and Elizabeth Espree as they have on the opt in plaintiffs. (Compare Exhibits 1-3 with Exhibit 5).[3] [4]

Courts that have analyzed the issue of discovery in collective actions has held plainly that requiring full discovery from all opt-ins undermines the purpose and utility of collective actions. *Wellens v. Daiichi Sankyo Inc.,* No. C-13-00581-WHO (DMR), 2014 U.S. Dist. LEXIS 177877, at *9-10 (N.D. Cal. Dec. 29, 2014) ("Defendant does not need discovery from every opt-in Plaintiff in order to mount a challenge to [collective] treatment."). An additional consideration in determining whether discovery is reasonable is the type of discovery requested, with courts more frequently permitting individualized discovery from opt-in plaintiffs when the discovery is limited and targeted to proving the similarities between opt-in plaintiffs. *Id*. *See, e.g., Ludlow v. Flowers Foods, Inc.,* No. 18-cv-01190-JLS-JLB, 2020 U.S. Dist. LEXIS 118619, at *14 (S.D. Cal. July 6, 2020). The framework set out in *Fast v. Applebee's International, Inc.* is instructive here since that was a hybrid FLSA and Rule 23 action like the case at bar. No. 16-4146-CV-C-NKL, 2008 U.S. Dist. LEXIS 105159, at *4-5 (W.D. Mo. Dec. 31, 2008). In *Fast*, Applebee's argued that it needed interrogatory responses from every opt-in to prepare for an anticipated decertification motion. *Id.* at *3-4. The discovery Applebee's served sought "detailed information about each plaintiff's work" for a period of approximately three-and-a-half years. *Id.* at *4. The court held that limited discovery from opt-in plaintiffs may be appropriate.

---

[3] Named Plaintiffs have responded to discovery as of March 18, 2022.
[4] The Interrogatories served on Plaintiff Linda Roberts in November 2020 which were timely answered in 2020 are worded slightly differently but are substantially the same in meaning.

> However, given the remedial nature of FLSA actions and the hybrid status of opt-in plaintiffs, any such discovery must satisfy the following requirements: 1) The discovery is not being sought for the purpose of depriving the opt-in Plaintiffs of his or her class status; 2) the discovery is simple enough that it does not require the assistance of counsel to answer; 3) the discovery meets the standards of [Rule 26]; and 4) the information is not otherwise available to the defendant. **These limitations are imposed to insure that discovery is not used as a tool to limit or discourage participation in the opt-in class and to advance the efficiency and cost containment objectives of [] FLSA actions.**

*Id.* at *4-5 (emphasis added); *see also Ludlow v. Flowers Foods, Inc.*, No. 18-cv-01190-JLS-JLB, 2020 U.S. Dist. LEXIS 118619, at *13 (S.D. Cal. July 6, 2020); (noting that courts tend to focus on the practicality of individualized discovery with the proportionality requirement of Rule 26(b)(1) in mind).

### b. Virtually All Of The Information And Documents Defendants Seek Are In Their Possession Already.

Most of Defendants' Requests for Production and Interrogatories ask for documents that Defendants have already produced in discovery to Plaintiffs.[5] For example, Request for Production No 20 propounded on each opt-in Plaintiff asks them to "produce all documents in Plaintiff's possession from which can be determined the number of hours Plaintiffs worked for Defendant on each separate calendar day Plaintiffs was employed by Defendant." Request No. 2 similarly and without tailoring, asks for "documents from which can be determined the specific dates of every shift during Plaintiff's employment by Defendant that Plaintiff claims Plaintiff did not receive a full uninterrupted thirty-minute meal break," and the requests continue in this way until Request No. 26, which asks for "all documents relied upon or identified by Plaintiff in responding to the Requests for Admission to Plaintiff, and Interrogatories to Plaintiff in this action."[6] Thus, it is plain

---

[5] See Exhibits 2, 3.
[6] Exhibit 3.

to see that the Requests are anything but narrowly tailored and are intended to overwhelm and confuse opt-in plaintiffs who are not attorneys. The Interrogatories are similarly broad, and there are 23 Interrogatories served upon each opt in-plaintiff.[7]

Even more problematic is the fact that these Requests and Interrogatories seek documents and information that Defendants already possess. (*See*, e.g., ROG No. 20, "State the total amount of uncompensated time Plaintiff worked during Plaintiff's employment by Defendant for which Plaintiff is suing Defendant in this action"; "Produce all documents from which can be determined the total amount of uncompensated time Plaintiff worked during Plaintiff's employment by Defendant for which Plaintiff is suing Defendant in this action.") In addition to being devoid of any narrow tailoring, Defendants are already in possession of the very documents from which things such as "total amount of uncompensated time" and other information can be adduced.

As the United States Supreme Court noted in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946)), "when the employer has kept proper and accurate records, then the employee may easily satisfy his burden to show he worked overtime without overtime compensation." *United States Dep't of Labor v. Five Star Automatic Fire Prot., LLC*, 987 F.3d 436, 442 (5th Cir. 2021) (re-affirming the reasonable inference standard evidence standard espoused in *Anderson*). In *Anderson*, the Supreme Court rightfully reasoned that "employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy." *Id.* Here, Defendants have clearly propounded discovery which will not yield returns that are more comprehensive or more probative than the records they have already kept in

---

[7] See Exhibit 2.

the regular course of business and then produced to Plaintiff's counsel in discovery. It seems, then, that this discovery to opt ins is simply meant to overwhelm and burden opt in Plaintiffs.[8]

### c. The Written Discovery Will Require The Opt Ins To Rely On Significant Guidance From Counsel.

The discovery propounded on opt in plaintiffs is composed of numerous broad-ranging contention Interrogatories and Requests for Production. (*See* Exhibit 2, Interrogatories Nos. 8, 12, 14, Exhibit 3, Requests for Production Nos. 8. 14). The discovery asks confusingly worded "if-then" questions that involve detailed examination of inter-related requests for admission, interrogatories, and requests for production (*See* Exhibit 2 Interrogatories Nos. 8, 9, 14, Exhibit 3 Request for Production Nos. 3-19) to non-lawyers. It is against the underlying purposes of the FLSA for Defendants to serve this type of onerous individualized discovery on every person who decides to join the case.

## IV.   CONCLUSION

Without knowing the total number of opt-ins that will ultimately join this case, it is premature for Defendants to serve discovery, especially this type of complex, overbroad written discovery, on every opt-in plaintiff. Plaintiffs are not arguing that Defendants are precluded from conducting discovery for an anticipated motion for decertification or on merits, only that this discovery is both premature and overly complex at this stage. Should this Court grant Plaintiffs' Motion to Reconsider, and after the opt-in period closes, the parties can, and should, meet and confer regarding an appropriate discovery plan for the opt-in plaintiffs.

---

[8] The same discovery has been propounded to named Plaintiffs and named Plaintiffs have responded as of March 18, 2022.

Therefore, Plaintiffs respectfully request the Court enter a temporary protective order to protect the opt-in plaintiffs and prevent Defendants temporarily from serving individualized discovery.

Dated: March 18, 2022

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*/s/ Ved Chitale*
Carolyn H. Cottrell
Ori Edelstein
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com

Ved Chitale
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Tel: (713) 338-2560; Fax: (415) 421-7105
vchitale@schneiderwallace.com

*Counsel for Plaintiffs, Class, and Collective Members*

## CERTIFICATE OF SERVICE

I certify that on March 18, 2022, I filed this document through the Court's CM/ECF system, which will serve a copy on all parties of record.

>Robert J. Hambright
>ORGAIN BELL & TUCKER LLP
>470 Orleans Street
>P.O. Box 1751
>Beaumont, Texas 77704-1751
>Phone: (409) 838-6412; Fax: (409) 838-6959
>rjh@obt.com
>
>*Counsel for Defendants*

>*/s/ Ved Chitale*
>Ved Chitale

## CERTIFICATE OF CONFERENCE

I certify that I conferred with opposing counsel in good faith on their position to this Motion for Protective Order in an attempt to resolve the matter without court intervention. Counsel confirmed with me on March 13th that Defendants are opposed.

>*/s/ Ved Chitale*
>Ved Chitale