| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| LINDA ROBERTS, AND ELIZABETH ESPREE on behalf of themselves and all others similarly situated, § § § § | |
| *Plaintiff*, § | **CIVIL ACTION** |
| § | |
| v. § | **CASE NO. 1:20-CV-00092-MC-CLS** |
| § | |
| BAPTIST HEALTHCARE SYSTEM, LLC, BAPTIST HOSPITALS OF SOUTHEAST TEXAS, and BAPTIST BEHAVIORAL HEALTH CENTER, § § § § § | **JURY TRIAL DEMANDED** |
| § | |
| *Defendants*. § | |

**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER (ECF 72)**

Despite claiming the Opt-Ins are not similarly situated to Plaintiffs and, therefore, not properly before this Court, *see generally* ECF 78, Defendants claim they **must** be permitted to conduct individualized discovery related to the Opt-Ins' claims to determine whether they are sufficiently similarly situated to proceed collectively. *See* ECF 77 at 4-5. But Defendants admit they can easily oppose Plaintiffs' request for certification **"without the need for discovery from Plaintiffs and opt-ins."** ECF 78 at 5 n.5 (emphasis added). In fact, Defendants have already opposed Plaintiffs' request for certification—twice—without individualized discovery from the Opt-Ins. *See* ECF 38; ECF 78. Defendants cannot belatedly claim they need discovery to oppose certification, especially when, as Plaintiffs' and the Opt-Ins' employer, Defendants already have

-1-

the bulk of the information and documents they seek from the Opt-Ins.

Because the unreasonably broad discovery Defendants seek from the Opt-Ins is neither relevant to certification nor Plaintiffs' claims, the Court should grant Plaintiffs' Motion (ECF 72).

### 1. Individualized Opt-In Discovery Is Not Relevant at This Stage of the Case.

Defendants claim the individualized discovery they seek from the Opt-Ins is relevant at this stage of the case, specifically, to oppose certification. *See* ECF 78. But this additional (and substantial) discovery will not support Defendants' already-filed Opposition(s). Nor do Defendants claim such discovery is relevant to the merits of Plaintiffs' claims (because it's not). Because the individualized opt-in discovery is not relevant to either party's claims or defenses at this stage of the case (let alone proportional to the needs of the case), the Court **must** prohibit such discovery. FED. R. CIV. P. 26(b)(1).

Courts in the Fifth Circuit emphasize "[e]arly opt-in plaintiffs should not be subject to more rigorous discovery demands …, unless specific discovery is necessary to address threshold issues, such as determining whether to certify a collective action." *Sterling v. Greater Hous. Trans. Co.*, 2021 U.S. Dist. LEXIS 204909, at *4-5 (S.D. Tex. Oct. 25, 2021) (citing *Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430, 435, 440 (5th Cir. 2021)). Here, briefing on certification is complete. And Defendants both tacitly and expressly admit they can oppose certification **"without the need for discovery from Plaintiffs and opt-ins."** ECF 78 at 5 n.5 (emphasis added); *see also* ECF 38. Further, in *Swales*, the Fifth Circuit collapsed the two-step *Lusardi* approach to certification, effectively doing away with "decertification," and therefore Defendants' need for discovery to support a motion to decertify an FLSA collective. *See Klick v. Cenikor Found.*, 2022 U.S. Dist. LEXIS 63833, at *10 (S.D. Tex. Apr. 6, 2022) (explaining "*Swales* instructs that … the district court proceed[] directly to step two of *Lusardi*" (citing *Swales*, 985 F.3d at 434)). In short, the

individualized discovery Defendants seek from the Opt-Ins is simply not relevant at this stage, where the Court has denied certification, and briefing on Plaintiffs' request for reconsideration of the Court's denial of certification is already complete.

Likewise, Defendants do not claim individualized discovery from the *Opt-Ins* is somehow relevant to the merits of *Plaintiffs'* claims. *See generally* ECF 78. Because they can't; whether Defendants failed to pay Plaintiffs for all their hours worked does not turn on the Opt-Ins' relationship with Defendants, even if their claims for unpaid wages stem from the same violative practices and policies. And until the Court certifies a collective action, the only party-plaintiffs before the Court are the named Plaintiffs. Thus, Defendants' opt-in discovery bears no relevance to any party's claims or defenses at this pre-certification stage of the case.

Accordingly, because Defendants' individualized discovery to the Opt-Ins is not relevant at this pre-certification stage of the case, the Court **must** prohibit the same. FED. R. CIV. P. 26(b)(1).

**2. Defendants' Individualized Opt-In Discovery Is Unreasonably Cumulative and Can Be Obtained from a More Convenient Source—Defendants' Own Records.**

Rule 26 instructs "the court **must** limit the frequency or extent of discovery otherwise allowed … if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; … or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C) (emphasis added). Here, the individualized discovery Defendants seek from the Opt-Ins is not proportionally limited to the relevant issues at this pre-certification stage, is unreasonably duplicative and cumulative, and can, for the most part, be obtained from Defendants' own records.

Even assuming the individualized opt-in discovery were relevant at this stage of the case, such discovery is nevertheless unduly burdensome and not proportional to the needs of the case.

Again, Defendants only claim the opt-in discovery is relevant to certification. *See generally* ECF 77. But Defendants propounded sweeping discovery related to every aspect of the Opt-Ins' employment with Defendants; their potential involvement in other unrelated lawsuits; and irrelevant criminal histories. *See* ECF 73-1 (Defendants' 5 RFAs to each Opt-In); ECF 73-2 (Defendants' 23 Interrogatories to each Opt-In); ECF 73-3 (Defendants' 26 RFPs to each Opt-In). Such broad discovery is not proportional to the needs of the case at this stage, as it goes well beyond discovery necessary for the Court to determine whether they and Plaintiffs are "similarly situated" with respect to their unpaid wage claims against Defendants. At a minimum, should the Court determine the opt-in discovery is relevant to the Court's ruling on certification, the Court must limit the scope of any discovery to certification issues. FED. R. CIV. P. 26(b)(1).

Further, should the Court find the opt-in discovery relevant to its certification decision, the Court must nevertheless limit the number of Defendants' needlessly duplicative requests. *See*, *e.g.*, *Verrett v. Pelican Waste & Debris, LLC*, 2020 U.S. Dist. LEXIS 261585, at *10 (E.D. La. Aug. 13, 2020) (limiting employer's discovery requests to 20-25 requests per opt-in plaintiff after finding employer's "fifty-one requests" were "excessive"). Indeed, even Defendants' requests specifically related to the Opt-Ins' off-the-clock and missed or interrupted meal break claims are unreasonably duplicative and cumulative. As was the case in *Verrett*, "many, if not most, [of Defendants' requests] can be consolidated into a single question." *Id.* (limiting discovery to "how Plaintiffs are [or are] not similarly situated" and limiting the number of requests "to the extent that the number … is too great"). Accordingly, should the Court find Defendants' opt-in discovery relevant to its certification decision, it still must limit the number of requests to each Opt-In, prohibiting Defendants from serving "excessive" and needlessly duplicative requests that can easily be consolidated. *Id.*; *see also* FED. R. CIV. P. 26(b)(2)(C).

Finally, the Court should prohibit Defendants from unreasonably seeking discovery that can easily be obtained from a more convenient source—Defendants' own records of the Opt-Ins' employment. Indeed, as the Opt-Ins' employer, Defendants—not the Opt-Ins—are required to maintain employment records. *See*, *e.g.*, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); *see also* 29 C.F.R. § 516.2(a) (employers must maintain certain employment records for its employees, including payroll records, time records, and overtime records). Thus, much like Defendants' unreasonably duplicative requests, the Court must prohibit Defendants from seeking information and documents that it need look no further than their own records as the Opt-Ins' employer. FED. R. CIV. P. 26(b)(2)(C)(i).

### 3. Conclusion.

For these reasons, the Court should grant Plaintiffs' Motion and enter a protective order prohibiting Defendants from seeking individualized discovery from the Opt-Ins at this pre-certification stage. Alternatively, the Court should limit Defendants' discovery requests (1) to the issue of whether they are "similarly situated" to Plaintiffs, (2) in number so as to avoid unreasonably duplicative requests, and (3) to information and documents outside of what is already available to Defendants via their own records.

**April 7, 2022.**

Dated: April 7, 2022                                    Respectfully submitted,

                                                        */s/ Ved D. Chitale*
                                                        Carolyn C. Cottrell (*pro hac vice*)
                                                        Ori Edelstein (*pro hac vice*)
                                                        Samantha A. Smith (*pro hac vice*)
                                                        **SCHNEIDER WALLACE**
                                                        **COTTRELL KONECKY LLP**
                                                        2000 Powell Street. Suite 1400
                                                        Emeryville, CA 94608
                                                        Phone: (415) 421-7100; Fax: (415) 421-7105
                                                        ccottrell@schneiderwallace.com
                                                        oedelstein@schneiderwallace.com

                                                        Ved Chitale (Texas bar Number: 24099613)
                                                        **SCHNEIDER WALLACE**
                                                        **COTTRELL KONECKY LLP**
                                                        3700 Buffalo Speedway, Suite 960
                                                        Houston, Texas 77098
                                                        Phone: (713) 338-2560; Fax: (415) 421-7105
                                                        vchitale@schneiderwallace.com

                                                        *Attorneys for Plaintiff, Class, and Collective Members*

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2022 a true and accurate copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

                                                        */s/ Ved Chitale*
                                                        Counsel for Plaintiff