IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **LINDA ROBERTS,** *et al.*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO.  1:20-CV-00092-MAC |
| **BAPTIST HEALTHCARE SYSTEM,** | § | |
| **LLC,**  *et al.,* | § | |
| | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS
FLSA OPT-IN PLAINTIFFS CORDER,  HENSON, AND WHITE**

Pursuant to 28 U.S.C. § 636, the Federal Rules of Civil Procedure, and the Local Rules for the Eastern District of Texas, this matter has been referred to the undersigned for pre-trial management.  Now before the undersigned magistrate judge for review and submission of a report with recommended findings of fact and conclusions of law is Defendants' Motion to Dismiss FLSA Opt-ins Brooke Corder, Dandrill Henson, and Aisha White (doc. #109) and the Plaintiffs' accompanying response (doc. # 120).

**I.  BACKGROUND**

While this case has been pending, Plaintiffs have filed multiple Notices of Filing of Consent to Join Collective Action for opt-in plaintiffs.  Some were filed prior to Plaintiffs' Motion for Collective Treatment pursuant to the Fair Labor Standards Act (FLSA), and many were filed afterwards.  Plaintiffs' original motion was denied (doc. #50); however, Plaintiffs' Motion to Reconsider Collective Treatment (doc. #68) remains pending.  Plaintiffs have also withdrawn the consent of several opt-ins who no longer wish to be a part of this case.

Now pending before the court is Defendants' Motion to Dismiss FLSA Opt-ins Brooke Corder, Dandrill Henson, and Aisha White (doc. #109) filed on August 5, 2022, arguing for dismissal because these opt-ins failed to present for deposition as ordered by the court. On August 15, 2022, Plaintiffs filed a Notice of Withdrawal of Opt-in Plaintiff Dandrill Henson's Consent (doc. #117) and a Notice of Withdrawal of Opt-in Plaintiff Brooke Corder's Consent (doc. #118). On August 19, 2022, Plaintiffs also filed a Notice of Non-Opposition to Defendants' Motion to Dismiss Opt-in Plaintiffs' Claims (doc. #120) stating that they have been unable to contact the remaining opt-in at issue—Aisha White. Therefore, they are unopposed to her dismissal.

## II.  DISCUSSION

The FLSA allows an employee to bring an action on behalf of themselves and "other employees similarly situated." 29 U.S.C. § 216(b). In addition to permitting plaintiffs to litigate on behalf of "similarly situated" employees, this provision creates an "opt-in" framework—those who are "similarly situated" and wish to litigate their claims, must affirmatively opt-in to the litigation through written consent. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2009).

In this case, Plaintiffs, Linda Roberts and Elizabeth Espree, have asserted an action against Baptist Defendants for violations of the FLSA and are seeking a collective action on behalf of others similarly situated. At one point, there were 12 prospective opt-in plaintiffs that filed consent forms in this case. (Doc. #s 29-33, 45, 61-66.) After the court's previous order denying a collective action and the filing of Plaintiffs' First Amended Complaint (which narrowed the proposed group of the collective action), four of the opt-ins (Manuel, Breaux, Carter, and Jackson) were dismissed without prejudice as they no longer met the proposed collective action of RNs and Psych Techs. (Docs. #93, #94.) Later, another opt-in (Graham)

withdrew her consent to be a part of this action. (Doc. #95.) As stated above, on August 15, 2022, Dandrill Henson and Brooke Corder withdrew their consent to be a part of this action. (Docs. #116, #117.) Therefore, these are the remaining opt-ins—Justice Miller (doc. #45), Magloire Bajika (doc. #61), Aisha White (doc. #62), Monique Parkerson (doc. #64), and Marchara Thompson (doc. #65).

Defendants' Motion to Dismiss is moot as to Dandrill Henson and Brooke Corder as their consent has been withdrawn. With regard to opt-in Aisha White, there is no question that failure to comply with court-ordered discovery supports dismissal without prejudice under either Rule 41(b) or Rule 37. *Avila v. SLSCO, Ltd.*, No. 3:18-CV-00426, 2022 WL 784062, at *6 (S.D. Tex. Mar. 15, 2022), *R. & R. adopted*, 2022 WL 980273 (S.D. Tex. Mar. 31, 2022) (citing *Kraft v. Freight Handlers, Inc.*, No. 618CV1469ORL78GJK, 2020 WL 6293158, at *2 (M.D. Fla. July 17, 2020) (dismissal without prejudice appropriate sanction in FLSA case where opt-in plaintiffs failed to respond to discovery); *see also Marshall v. La. State*, No. 15-1128, 2017 WL 90655, at *5–6 (E.D. La. Jan. 10, 2017) (dismissing plaintiffs without prejudice because "the failure of these opt-in plaintiffs to respond to the discovery questionnaire prevents the Court from accurately determining whether they are similarly situated such that they could proceed collectively in this action"); *Cruz v. Dollar Tree Stores, Inc.*, No. 07-2050 SC, 2011 WL 843956, at *4–7 (N.D. Cal. Mar. 8, 2011) (dismissing without prejudice claims of class members who failed to respond to defendant's discovery requests). Consequently, opt-in Aisha White should be dismissed without prejudice.

### III. RECOMMENDATION

The undersigned recommends that Defendants' Motion to Dismiss (doc. #109) is moot as to opt-ins Corder and Henson and should be granted in part as to Aisha White dismissing her without prejudice.

## IV. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be no longer than eight (8) pages, and (4) be served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); E.D. TEX. LOCAL R. CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1) (2009); Fed R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law acceptedd by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 23rd day of August, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE