| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| **LINDA ROBERTS**, *et al*. § § | |
| Plaintiffs, § § | |
| *versus* § § | CIVIL ACTION NO. 1:20-CV-92 |
| **BAPTIST HEALTHCARE SYSTEM, LLC,** § *et al.*, § § | |
| Defendants. § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The court referred this case to the Honorable Christine L. Stetson, United States Magistrate Judge, for pretrial management. (#79). The court has received and considered the report (#112) of the magistrate judge that recommended granting the Plaintiffs' "Motion to Reconsider Denial of Plaintiffs' Motion for Collective Treatment" (#68). The Defendants timely filed an objection (#123) to the report and recommendation.

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); Fed. R. Civ. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

The Defendants' object arguing that the proposed collective is not similarly situated, and Plaintiffs and their opt-ins have no knowledge of the time or pay circumstances of anyone else but themselves.  (#123, at 1.)  Defendants also allege that Plaintiffs have failed to show a common policy, practice, or plan, and they assert that the defenses are not the same for every plaintiff claiming that Roberts is fabricating her testimony.  (*Id*. at 3-7.)  Defendants further assert that a collective action would be unmanageable and unfair.  (*Id*. at 8.)  These arguments are a re-hash of the same arguments set forth in Defendants' prior briefing.  They have not specifically objected to the magistrate judge's findings by attacking the law as described or as applied by Magistrate Judge Stetson.  *See Mendez v. Dir., TDCJ-CID*, No. 6:19-CV-320-JDK-KNM, 2022 WL 1511318, at *1 (E.D. Tex. May 12, 2022).  The court finds that Judge Stetson properly addressed the Defendants' arguments in her report and recommendation.

With regard to Defendants' argument as to representative proof, the court in *Snively* stated:

> Once the Court has determined that the Plaintiffs are similarly situated and "that they may proceed as a collective action[,]…whether the Plaintiffs have actually presented representative testimony of liability and damages of the collective action is reserved for trial." *Pierce v. Wyndham Vacation Resorts, Inc.*, No. 3:13-CV-641-CCS, 2017 WL 4398656, at *7 (E.D. Tenn. Oct. 3, 2017) (citing *Takacs v. Hahn Auto. Corp.*, C-3-95-404, 1999 WL 33127976, at *1–3 (S.D. Ohio Jan. 25, 1999)). Plaintiffs "bear the risk [of] failing to establish that the testifying employees are fairly representative." *Id.* (citing *Takacs*, 1999 WL 33127976, at *3).

*Snively v. Peak Pressure Control, LLC*, 347 F. Supp. 3d 294, 298–99 (W.D. Tex. 2018).

As to Roberts' testimony, this is not the stage at which the court should assess the merits of the claim by deciding factual disputes or making a credibility determination.  *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010); *see also Britt v. Mississippi Farm*

*Bureau Cas. Ins. Co.,* No. 1:18-CV-38-GHD-DAS, 2022 WL 331210, at *1 (N.D. Miss. Feb. 3, 2022).   Thus, the Defendants' objections are overruled.

It is **ORDERED** that the Defendants' objections (#123) are **OVERRULED**.   The magistrate judge's report and recommendation (#112) is **ADOPTED**, and a FLSA collective action is approved.   It is also **ORDERED** that the Defendants shall provide the Plaintiffs, under oath, with the full names of employees, last known mailing addresses, telephone numbers, email addresses, and dates of employment within seven (7) days.

It is further **ORDERED** that the parties submit a copy of their agreed upon notice to the court within seven (7) days.   If the parties cannot agree on a proposed notice, they should each file a proposed notice with legal support (addressing any issues, such as the statute of limitations or tolling thereof) within seven days (7).   Any briefing submitted on the statute of limitations issues shall be limited to fifteen (15) pages.

SIGNED at Beaumont, Texas, this 4th day of September, 2022.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE