IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| LINDA ROBERTS, *et al.*, § <br> § <br> **Plaintiffs,** § <br> § <br> v. § <br> § CIVIL ACTION NO. 1:20-CV-00092-MAC <br> BAPTIST HEALTHCARE SYSTEM, § <br> LLC, *et al.*, § <br> § <br> **Defendants.** § | |

## REPORT AND RECOMMENDATION REGARDING
## EQUITABLE TOLLING FOR FLSA COLLECTIVE ACTION NOTICE

Pursuant to 28 U.S.C. § 636, the Federal Rules of Civil Procedure, and the Local Rules for the Eastern District of Texas, this matter has been referred to the undersigned for pre-trial management. Now before the undersigned magistrate judge for review and submission of a report with recommended findings of fact and conclusions of law are the parties' briefs on the issue of equitable tolling. (Docs. #128, #129.)

## I. BACKGROUND

On March 4, 2020, Plaintiff, Linda Roberts, asserted an action against Baptist Defendants for violations of the Fair Labor Standards Act (FLSA), among other claims. (Doc. #1.) On March 12, 2021, Plaintiff moved for collective treatment and to facilitate notice pursuant to 29 U.S.C. § 216(b). (Doc. #36.) The court denied Plaintiff's motion on August 26, 2021. (Doc. #50.) On October 5, 2021, an Amended Complaint was filed adding Elizabeth Espree as a named plaintiff, and Plaintiffs narrowed their proposed collective definition so that they could later re-assert their request for a collective action. (Doc. #54.) The parties continued with discovery and the Plaintiffs then filed a motion with the court to reconsider its denial of a FLSA collective action on March 16, 2022. (Doc. #68.)

In April, the court allowed Defendants to conduct discovery as to the opt-in plaintiffs and entered an amended scheduling order allowing the parties to submit supplemental briefing as to the issue of a collective action. (Docs. #90, #91.) The parties filed their supplemental briefs on July 5, 2022. (Docs. #101, #102.) On August 9, 2022, the undersigned entered its report recommending that the court grant a collective action and order the parties to submit a proposed notice to the court along with briefing as to the equitable tolling issue. (Doc. #112.) On September 4, 2022, the court overruled Defendants' objections to the report and adopted the report and recommendations. (Doc. #124.) The parties submitted their briefs as to equitable tolling on September 13, 2022, which is now considered herein. (Docs. #128, #129.)

## II.  DISCUSSION

The FLSA allows an employee to bring an action alleging violations on behalf of themselves and "other employees similarly situated." 29 U.S.C. § 216(b). In addition to permitting plaintiffs to litigate on behalf of "similarly situated" employees, this provision creates an "opt-in" framework—those who are "similarly situated" and wish to litigate their claims, must affirmatively opt-in to the litigation through written consent. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2009).

To obtain these written consents, "federal judges have the power to authorize the sending of notice to potential FLSA [collective] members to inform them of the action and to give them opportunity to participate by opting in." *Lopez-Gonzales*, 2021 WL 3192171, at *8 (citing *Tillis v. Glob. Fixture Servs.*, No. 4:19-CV-01059, 2020 WL 1443490, at *6 (S.D. Tex. Mar. 23, 2020)). The court has the authority to manage the preparation and distribution of notice to ensure that it is "timely, accurate, and informative." *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 172 (1989). The current issue before the court is the date to be used in the collective definition, which will be included in the notice sent out to potential opt-in plaintiffs.

A. *Summary of Arguments*

Plaintiffs seek a collective definition in the collective action notice that includes:

> All current and former hourly, non-exempt employees employed by Defendants as Registered Nurses ("RNs") and/or Psych Techs at the Baptist Behavioral Health Center at any time **from April 26, 2018, until resolution of this action.**

(Doc. #129.) Plaintiffs calculated this date by going back three years prior to April 26, 2021, and state that this is the date that Judge Crone denied their initial motion for collective treatment. (*Id.* at 1, 2, 4.) However, Judge Crone denied Plaintiffs' initial motion for collective treatment in an order dated August 26, 2021. Consequently, the undersigned assumes Plaintiffs are seeking a date of **August 26, 2018**—not April.

Plaintiffs also argue a three-year statute of limitations applies in this case because the Defendants' conduct was willful pursuant to 28 U.S.C. § 255(a).[1] Further, they assert that this earlier start date should apply because of equitable tolling based upon the extensive procedural history (one and one-half years[2]) from the initial denial of the FLSA collective action (on August 26, 2021) until notice will be sent in the next few weeks.

Defendants argue that equitable tolling should not apply, and the notice period should be three years before notice is approved by the court (which will presumably be next month during October 2022) giving a notice period of any time **from October __, 2019 until resolution of this action**.

B. *Statute of Limitations and Equitable Tolling Law*

Section 255 of the FLSA generally provides a two-year statute of limitations, but it extends the period to three years for a cause of action arising out of a willful violation of the FLSA. *See* 29 U.S.C. § 255. Post-*Swales*, courts have continued to find an allegation of

---

[1] Defendants do not oppose a three-year period for the notice but are not waiving their contention for trial that the two-year statute of limitations should apply to all claims. (Doc. #128, at 5.)

[2] Plaintiffs' calculation is mistakenly predicated on Judge Crone having initially denied the collective action on April 26, 2021. As pointed out above, the collective was initially denied on August 26, 2021; therefore, the delay from that date until when notice will be sent is approximately 14 months.

3

willfulness sufficient to warrant the FLSA's three-year statute of limitations period to be used in sending out notice to the collective. *Garcia-Alvarez v. Fogo De Chao Churrascaria (Pittsburgh) LLC*, No. 4:21-CV-00124, 2022 WL 2119542, at *16 (E.D. Tex. June 13, 2022). As noted, Defendants are not opposed to using the three-year mark.

The Fifth Circuit views the FLSA's limitations provision strictly. *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983). For named plaintiffs who do not file their written consent when the complaint is filed or for opt-in plaintiffs, the action is commenced "on the subsequent date on which such written consent is filed in the court in which the action was commenced." *Hamm v. Acadia Healthcare Co., Inc.*, No. CV 20-1515, 2022 WL 2713532, at *4 (E.D. La. July 13, 2022) (citing 29 U.S.C. § 256). Thus, that date is used for the statute of limitations as to that opt-in plaintiff.

Equitable tolling is a very narrow exception to the FLSA statute of limitations that is only applied where a plaintiff shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 320 (5th Cir. 2017). Moreover, the extraordinary circumstance must come from some external obstacle beyond the plaintiff's control. *Id.* "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

The party invoking equitable tolling bears the burden of justifying the need for equitable tolling of the limitations period, but the decision to ultimately invoke equitable tolling in a particular instance is left to the discretion of the district court, subject to appellate review only for abuse of discretion. *Hamm*, 2022 WL 2713532, at *4-5.

### C. Analysis

#### i. Diligence

In this case, Plaintiffs argue that they have used reasonable diligence in this case on behalf of the potential collective members by moving for a collective action a mere three months after the new procedure enunciated in *Swales* and by pursuing discovery and a motion to reconsider after the initial denial of their motion. (Doc. #129, at 8.)

Defendants assert that there is no showing of diligence by the potential plaintiffs who have not yet opted in. (Doc. #128, at 6-7.) They point to Defendants' Department of Labor poster displayed at its facility notifying employees of their rights under the FLSA and the payroll system and time records that are easily accessible to employees giving them information as to the correctness of their pay and hours for each shift worked. (*Id.*)

The court finds that even if the putative members of the collective could carry the burden to prove they have been pursuing their rights diligently in this case, they would still need to carry the burden to show some extraordinary circumstances prevented them from filing earlier, which they have not shown as discussed below.

#### ii. Extraordinary Circumstances

Regarding this factor, Plaintiffs argue that the year and a half delay[3] from the initial denial of their motion for collective action until currently should toll the statute of limitations period for opt-ins due to the groundbreaking opinion of *Swales* that disrupted prior legal precedent, Defendants' delay in seeking individualized opt-in discovery, and the delay in the court finally granting the collective action.

---

[3] *See* footnote 2, *supra*.

Defendants assert that no delay is attributable to them and cite to Plaintiffs' multiple requests seeking the extension of case handling deadlines and their choice to seek an overly broad collective including all hourly employees at all of Defendants' locations in their original motion. (Doc. #128, at 8-9.) Defendants also note that nothing prevented potential opt-ins from initiating their own claims. (*Id.*) Further, they allege that court delay in ruling on plaintiffs' motions does not support equitable tolling. (*Id.*)

The undersigned agrees with the Defendants on this issue. Numerous courts have rejected similar arguments, finding delays in granting a collective do not present extraordinary circumstances justifying equitable tolling. *See, e.g.*, *Robinson v. RWLS, LLC,* No. SA-16-CA-00201-OLG, 2017 WL 1535072, at *1 (W.D. Tex. Mar. 14, 2017) ("Protracted litigation and opposition to certification and notice do not constitute external obstacles that 'effectively delayed notice of the [FLSA] violations and of the right [to] join this action to potential claimants,' preventing timely filing. Routine litigation is not an extraordinary circumstance."); *White v. Integrated Elec. Techs., Inc.*, No. CIV.A. 11-2186, 2015 WL 4254123, at *3 (E.D. La. July 13, 2015); *Mejia v. Brothers Petroleum, LLC*, No. 12–2842, 2014 WL 3853580, at *2 (E.D. La. Aug. 4, 2014) (finding the procedural posture of the case and the delay in certification did not warrant equitable tolling of the untimely claims); *Sandoz v. Cingular Wireless, LLC*, No. 07–1308, 2014 WL 3045532, at *1 (W.D. La. July 3, 2014); *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 770 (N.D. Tex. 2013); *Rodriguez v. Gold & Silver Buyers, Inc.*, No. 12–1831, 2013 WL 5372529 (S.D. Tex. Sept. 24, 2013); *Switzer v. Wachovia Corp.*, No. 11–1604, 2012 WL 1231743, at *4 (S.D. Tex. Apr. 12, 2012); *Clay v. Huntington Ingalls, Inc.*, No. 09–7625, 2012 WL 860375, at *4 (E.D. La. Mar. 13, 2012); *Muhammad v.. GBJ, Inc.*, No. 10–2816, 2011 WL 863785, at *2 (S.D. Tex. Mar. 9, 2011); *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794,

808–09 (S.D. Tex. 2010) ("Congress did not provide for tolling while a court considers whether to certify a case as a collective action.").

The Eastern District of Texas follows this line of reasoning. In *Chance*, the plaintiffs' initial motion was similarly denied but they amended their complaint and filed a motion to reconsider after modifying the proposed collective, and the plaintiffs asserted this delay should toll the limitations period. *Chance v. E.I. du Pont de Nemours & Co.*, No. 1:16-CV-376, 2017 WL 7051069, at *10 (E.D. Tex. Dec. 11, 2017), *R. & R. adopted*, No. 1:16-CV-376, 2018 WL 343548 (E.D. Tex. Jan. 8, 2018). The court, however, found that any delay from the defendant in defending against the pending motion or the time the court spent deciding the motion is not "extraordinary" enough for equitable tolling. *Id.* It further noted that there were no indications that the defendant lulled the potential opt-in members into inaction or attempted to confuse its employees preventing them from opting into the lawsuit sooner. *Id.*

More recently, in *Hamm*, the court considered plaintiff's assertions that equitable tolling is justified because of "extraordinary circumstances" attendant to the various delays attached to the litigation of their claim, including delays related to a motion to dismiss on jurisdictional grounds, the continuations of preliminary conferences, an amendment of the complaint, and delays associated with the process according to *Swales*. *Hamm*, 2022 WL 2713532, at *4–5. Ultimately, the court denied tolling and held that these delays are not extraordinary circumstances justifying equitable tolling, and the policies on which the claims in the suit are based are known to every potential class member and there is no reason to believe that any putative member has been actually prevented from asserting their rights in this lawsuit. *Id.*

The undersigned finds that for the same reasons discussed in the preceding cases, equitable tolling should be denied in this case.

### III. RECOMMENDATION

For the reasons discussed herein, the undersigned recommends that equitable tolling should not apply to the statutes of limitations in this case and the notice period should be limited to three years before the date notice is approved, to be determined as of the date the court adopts this report and recommendation. Therefore, the court should authorize notice to be sent to the following:

> All current and former hourly, non-exempt employees employed by Defendants as Registered Nurses ("RNs") and/or Psych Techs at the Baptist Behavioral Health Center at any time **from October __, 2019, until resolution of this action.**

### IV. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be no longer than eight (8) pages, and (4) be served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); E.D. TEX. LOCAL R. CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1) (2009); Fed R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such

findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 20th day of September, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE