IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| LINDA ROBERTS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 1:20-CV-00092-MAC |
| BAPTIST HEALTHCARE SYSTEM, LLC, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

### REPORT AND RECOMMENDATION REGARDING
### JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Pursuant to 28 U.S.C. § 636, the Federal Rules of Civil Procedure, and the Local Rules for the Eastern District of Texas, this matter has been referred to the undersigned for pre-trial management. Now before the undersigned magistrate judge for review and submission of a report with recommended findings of fact and conclusions of law is the parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice. (Doc. #167.)

### I. BACKGROUND

On March 4, 2020, Plaintiff, Linda Roberts, asserted an action against Baptist Defendants for violations of the Fair Labor Standards Act (FLSA), among other claims, asserting that the Defendants owe her and "others similarly situated" for unpaid wages, including: time spent working before and after scheduled shifts; time lost due to the Defendants' policy of rounding clock-in and clock-out times to the nearest 15-minute increment; and for time spent while on-duty or while subject to interruption during unpaid meal beaks. (Doc. #1.) On March 12, 2021, Plaintiff moved for collective treatment and to facilitate notice pursuant to 29 U.S.C. § 216(b). (Doc. #36.) The court denied Plaintiff's motion on August 26, 2021. (Doc. #50.) On October 5, 2021, an

Amended Complaint was filed adding Elizabeth Espree as a named plaintiff, and Plaintiffs narrowed their proposed collective definition so that they could later re-assert their request for a collective action. (Doc. #54.) The parties continued with discovery and the Plaintiffs then filed a motion with the court to reconsider its denial of a FLSA collective action on March 16, 2022. (Doc. #68.)

On August 9, 2022, the undersigned entered its report recommending that the court grant a collective action and order the parties to submit a proposed notice to the court for the collective. (Doc. #112.) On September 4, 2022, the district court overruled Defendants' objections to the report and adopted the report and recommendations giving the Plaintiffs the right to proceed as a collective, including "all current and former hourly, non-exempt employees employed by Defendants as Registered Nurses ("RNs") and/or Psych Techs at the Baptist Behavioral Health Center at any time from September 26, 2019, until resolution of this action."[1] (Doc. #124, #135.) Thereafter, the court approved the Plaintiffs' notice, which was sent out, and several opt-in plaintiffs joined this action. On January 10, 2023, the court referred the parties to mediation, and the case was later resolved by the parties resulting in the pending motion to approve settlement. (Doc. #155.)

## II. DISCUSSION

The FLSA allows an employee to bring an action alleging violations on behalf of themselves and "other employees similarly situated." 29 U.S.C. § 216(b). In addition to permitting plaintiffs to litigate on behalf of "similarly situated" employees, this provision creates an "opt-in" framework—those who are "similarly situated" and wish to litigate their claims, must affirmatively opt-in to the litigation through written consent. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d

---

[1] The parties also moved for a class action pursuant to Rule 23, but their motion was denied.

913, 916 (5th Cir. 2009). In this action, there are two representative plaintiffs and 21 opt-in plaintiffs. The parties have now agreed to settle this FLSA case and ask that the court approve the settlement.

"In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, the court must determine (1) that the settlement resolves a bona fide dispute over FLSA provisions and (2) that the resolution is fair and reasonable." *Smith v. Humphreys Cnty., Miss.*, No. 4:21-CV-84-SA-JMV, 2023 WL 2587483, at *1 (N.D. Miss. Mar. 21, 2023) (quoting *Lee v. Metrocare Servs.*, 2015 WL 13729679 at *1 (N.D. Tex. July 1, 2015)). In addition, the court must determine whether the requested attorneys' fees are fair and reasonable. *Shaw v. CAS, Inc.*, No. 5:17-CV-142, 2018 WL 3621050, at *1 (S.D. Tex. Jan. 31, 2018).

    A. **Bona Fide Dispute**

To satisfy the bona fide dispute requirement, there must be at least some doubt as to who will succeed on the merits. *See Martin v. Spring Break '83 Prods., LLC,* 688 F.3d 247, 255–56 (5th Cir. 2012) (finding a bona fide dispute where the parties disagreed about the number of hours for which they are owed their set rate of pay); *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005) ("Plaintiff's claim for overtime benefits under the FLSA is dependent upon whether there was a bona fide dispute as to the amount of hours worked or compensation due at the time the parties entered into the compromise and release at issue."); *Lee*, 2015 WL 13729679, at *5 (finding a bona fide dispute where the parties had "numerous disagreements as to the application of the FLSA including the amount of the overtime worked, the evidence necessary to substantiate the overtime worked, and the appropriate methodology for calculating compensation.").

Here, multiple bona fide disputes exist. The parties have been litigating since March 2020—over three years. During the pendency of this case, the Fifth Circuit established a new standard for determining whether to grant a collective action in an FLSA case in the *Swales* case. *See Swales v. KLLM Transport Serv., L.L.C.,* 985 F.3d 430 (5th Cir. 2021). The Plaintiffs' original motion for a collective action pursuant to the FLSA was denied. Subsequently, they narrowed their collective and the court granted their motion. Class certification, however, was denied.

Among other factual and legal issues, the parties jointly contend that there are bona fide disputes over: (i) liability under the FLSA, (ii) whether meal breaks were properly or improperly deducted from Plaintiff's pay, (iii) whether Plaintiffs worked off the clock without pay, (iv) whether Plaintiffs were shorted pay due to Defendants' rounding practices, (v) the number of hours Plaintiffs worked during the relevant time period, (vi) whether Defendants acted willfully and the appropriate statute of limitations, and (vii) the likelihood of Plaintiffs' success on their claims. (Doc. #167-1.)

After reviewing the filings, documentation, hearings, and motions in this case, the court is of the opinion that bona fide disputes exist. Therefore, because there are doubts as to which party would prevail on the merits, the court finds the bona fide dispute requirement is satisfied.

### B. Fair and Reasonable Settlement

Courts typically look to the class action standard set out in Federal Rule of Civil Procedure 23(e) to determine whether an FLSA collective action settlement is "fair and reasonable." *Cunningham v. Kitchen Collection, LLC*, No. 4:17-CV-770, 2019 WL 2865080, at *1 (E.D. Tex. July 3, 2019). This standard requires consideration of six factors: (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of

prevailing on the merits; (5) the possible range of recovery; and (6) the respective opinions of the participants, including class counsel, class representatives, and absent class members. *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983); *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982). "The primary focus of [this] inquiry ... is not, as it would be for a Rule 23 class action, on due process concerns ... but rather on ensuring that an employer does not take advantage of its employees in settling their claim for wages." *Jasso v. HC Carriers, LLC.*, No. 5:20-CV-212, 2022 WL 16927813, at *2 (S.D. Tex. Oct. 19, 2022), *R. & R. adopted*, 2022 WL 16924117 (S.D. Tex. Nov. 14, 2022) (quoting *Collins v. Sanderson*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008)).

Here, the court applied the factors set forth above and has determined that its terms are fair and reasonable. There is no evidence of fraud or collusion behind the settlement. It was negotiated with a reputable mediator who is well-versed in FLSA claims. The case has been pending for over three years with a large amount of expenses. Extensive discovery has taken place. The amount agreed to be paid to the Plaintiffs in this case is within the range of possible recovery and is a genuine compromise of the dispute. Counsel asserts that the gross settlement amount to Plaintiffs ($106,250.00) represents approximately 87% of their estimated damages, including liquidated damages. (Doc. #170-1.) Lastly, counsel for both parties and the representative plaintiffs have signed off on the settlement agreement, and the opt-in Plaintiffs have the benefit of representation and have read the settlement agreement and want to sign it. (Doc. #166.)

**C. Fair and Reasonable Attorneys' Fees**

The FLSA has a fee-shifting provision, which allows the prevailing party to recover its attorney fees and litigation costs. The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In determining the

reasonableness of the proposed attorneys' fee, the party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualification and skill. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The fee applicant also has the burden of demonstrating their exercise of "billing judgment" in the documentation of their billed hours. *Valdepena v. Nuestro Sagardo Corazon Primary Home Care, Inc.*, No. 5:19-CV-94, 2022 WL 12399309, at *4 (S.D. Tex. Sept. 15, 2022). "Billing judgment requires documentation of hours charged and of the hours written off as unproductive, excessive, or redundant." *Id.* (quoting *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). The court must then review plaintiffs' counsel's submissions and determine what fees are fair and reasonable in accordance with governing law. *Quintanilla v. A & R Demolition Inc.,* No. CIV.A. H-04-1965, 2008 WL 9410399, at *6–7 (S.D. Tex. May 7, 2008). If the court finds a lack of evidence of billing judgment, it may reduce the award by a percentage intended to substitute for the exercise of billing judgment. *Valdepena*, 2022 WL 12399309, at *4.

The Fifth Circuit uses the lodestar method to calculate an appropriate award of attorneys' fees under the FLSA. *Smith,* 2023 WL 2587483, at *3 (citing *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013)). "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Id.* "[T]he relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Halleen v. Belk, Inc.*, No. 4:16-CV-00055-ALM, 2018 WL 6701278, at *6 (E.D. Tex. Dec. 20, 2018) (quoting *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there."

6

*Id.* However, "the district court is itself an expert in assessing these matters." *Id.* (quoting *Davis v. Bd. of Sch. Commr's of Mobile Cty.*, 526 F.2d 865, 868 (5th Cir. 1976)).

After calculating the lodestar, the court may adjust the amount of attorneys' fees based on the relative weight of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Id.* Adjustments based upon the following *Johnson* factors are only done in exceptional cases: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Saizan*, 448 F.3d at 800 n.18 (citing *Johnson*, 488 F.2d at 17-19).

The Fifth Circuit has cautioned that any *Johnson* factor already considered in the lodestar amount should be disregarded in determining whether the lodestar should be adjusted. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). Factors one, two, three, four, five, seven, eight, and nine are usually implicated in the lodestar calculation. *See Michael v. Boutwell*, 2015 WL 9307838, at *2 (N.D. Miss. Dec. 21, 2015) (citing *Sales v. Bailey*, 2015 WL 1825060, at *4 (N.D. Miss. Apr. 22, 2015)) (additional citations omitted). In addition, since *Johnson* was decided, the Supreme Court has held that the sixth factor should not be considered. *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992).

In this case, Plaintiffs' counsel submitted an affidavit asserting that attorneys in this district commonly charge up to $600 per hour and paralegals charge $150 per hour in cases such as this

7

and cited case law from this district supporting this fact. (Doc. #170-1, at 11) (citing *Espinosa v. Prime Choice Urgent Care, PLLC,* No. 4:21-CV-835-SDJ, 2022 WL 7610269, at *3 (E.D. Tex. Oct. 13, 2022); *Cunningham*, 2019 WL 2865080, at *5). The court agrees those rates are supported by cases in this district. *See also Halleen,* 2018 WL 6701278, at *7 ("courts have found hourly rates between $100 and $600 to be reasonable in FLSA cases after considering the experience of the lawyers, the reputation of the firm, and the complexity of the case.").

However, the rates submitted by plaintiffs' counsel in this case are much higher, including: associate rates at $750-775 per hour, staff attorney rates at $680 per hour, of counsel/associate rates at $680-975 per hour, senior associate rates at $935 per hour, and partner rates listed at $1,105 per hour. In addition, counsel submits the following support staff rates: paralegal rates at $450-500 per hour, legal receptionist rates at $250 per hour, outreach specialist/supervisor rates at $300-350 per hour, accounting clerk/specialist/supervisor rates at $250-270 per hour, case assistance rates at $300 per hour, docketing specialist rates at $275 per hour, legal assistant rates at $275 per hour, paralegal/law clerk rates at $300-400 per hour, E-Discovery manager rates at $750 per hour, clerical staff rates at $300 per hour, case manager rates at $500 per hour, and intake manager rates at $425 per hour.

Counsel submitted a total of 2,600.4 hours of time, which includes hours billed by all of the billers listed above (including clerical staff), for a total lodestar amount of $1,741,581.00 as of May 25, 2023. (Doc. 170-1, at 12.) Plaintiffs' counsel has offered, however, to reduce that amount to $318,750.00— 18.3% of the lodestar amount claimed. (*Id.*)

Counsel's billing records do not subtotal the amounts per biller. However, the court took on the arduous task of going through the submitted 303 pages of billing records and determined that there were approximately 1,927 hours of attorney time billed in this case. If all of that time is

allowed and a rate of $600 per hour is applied, the total amount of attorneys' fees equals $1,156,200.00. Reducing this amount further by excluding billing for class outreach and contact, most of which included charges for dialing a number with no answer or leaving a voicemail, totals $925,380. The total amount of paralegal hours billed in this case amounts to 321.56 hours. Multiplying those hours at a reasonable rate of $150 per hour equals $48,234.00.

Defendants do not oppose the submitted amount of attorneys' fees to be paid to Plaintiffs' counsel[2] as they have agreed to a lump sum settlement that covers all amounts paid to Plaintiffs, Plaintiffs' counsel, and the claims administrator. Given that the requested amount of attorneys' fees is less than one-third of the amount the court would find reasonable in this circumstance, the court finds the proposed fee in the settlement agreement to be more than fair and reasonable. Here, there is no need to consider the *Johnson* factors as the parties request an attorneys' fee award that is lower than the calculated lodestar amount. *See Smith*, 2023 WL 2587483, at *3–4.

**D. Fair and Reasonable Costs**

In FLSA cases, the "Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010) (quoting *Cook Children's Medical Center v. The New England PPO Plan of General Consolidation Management Inc.,* 491 F.3d 266, 274 (5th Cir. 2007)); *Tyler v. Union Oil Co. of Calif.*, 304 F.3d 379, 404-05 (5th Cir. 2002) ("However, the Fifth Circuit has held that there is no statutory authority in the FLSA to award costs, such as expert witness fees, not enumerated in 28 U.S.C. § 1920."). The enumerated taxable costs recoverable under 28 U.S.C. § 1920 are: "(1) Fees of the

---

[2] A "prevailing party" is entitled to attorneys' fees under the FLSA. 29 U.S.C. § 216(b). Here, the parties have agreed that the attorneys' fees will be paid to counsel at the direction of the collective members. (Doc. #166, at 2.) The undersigned assumes, but does not decide, that payment of the attorneys' fees to counsel rather than the party comports with counsel's agreement with the plaintiffs.

clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920 (2008).

In line with these Fifth Circuit cases, district courts have rejected various other costs not listed in section 1920. *See Entizne v. Smith Moorevision LLC*, No. 3:13-CV-2997, 2014 WL 1612394, at *5 (N.D. Tex. April 22, 2014) (rejecting request for service of process fees, postage, electronic data storage, and legal research fees); *Gomez v. Managing Innovation and Tech., Inc.*, No. 3:14-CV-936, 2015 WL 6150905, at *2 (N.D. Tex. Oct. 15, 2015) (In FLSA case, "Plaintiff is limited to the categories of costs recoverable under 28 U.S.C. § 1920. Section 1920 does not permit recovery of costs for process serving, research, or travel, including costs for hotel rooms, rental cars, gasoline, parking, or meals." (internal citation omitted)); *Funez v. T.Q. Ely, Inc.*, No. H-12-CV-2932, 2013 WL 5231519, at *2 n.1 (S.D. Tex. Sept. 17, 2013) ("The court denies such costs [for courier expenses, legal research costs, and postage] because they are not permitted under 28 U.S.C. § 1920"); *Parker v. ABC Debt Relief, Ltd. Co.*, No. 3:10-CV-1332, 2014 WL 11291660, at *2 (N.D. Tex. April 9, 2014) ("Because Plaintiffs have not shown how the costs they seek [for postage, retainers, lunches, and mediation fees] that are not articulated in § 1920 fall within the costs-award provision of the FLSA, the Court will not award such costs."); *Clark v. Centene Corp.*, No. A-12-CA-174, 2015 WL 6962894, at *10 (S.D. Tex. Nov. 10, 2015) (denying costs for postage, shipping costs, office supplies, issuing press releasees and accessing the federal court electronic case filing system).

Other district courts, however, have allowed additional non-taxable costs, such as costs for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment litigation expenses are also recoverable under the FLSA as part of an attorney's fee award. *Rouse v. Target Corp.*, 181 F. Supp. 3d 379, 392 (S.D. Tex. 2016) (citing *Alex v. KHG of San Antonio, LLC,* 125 F. Supp. 3d 619, 630 (W.D. Tex. 2015), *Hilton v. Exec. Self-Storage Assocs.,* No. H-06-2744, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009), *Quintanilla,* 2008 WL 9410399, at *9, *Chapman v. A.S.U.I. Healthcare & Dev. Or.*, No. H–11–3025, 2013 WL 487032, at *8 (S.D. Tex. Feb. 6, 2013)).

However, in *Novick,* the district court looked at the conflicting cases on this issue—those that allow non-taxable costs as part of the attorneys' fees versus those that disallow costs not enumerated in section 1920. *Novak v. Shipcom Wireless, Inc.*, No. 4:16-CV-730, 2018 WL 6079348, at *4-5 (S.D. Tex. Nov. 21, 2018). There, the court followed the Fifth Circuit precedent of *Gagnon* and *Tyler* and denied the plaintiffs' request for reimbursement of non-taxable costs. *Id.* The court noted that the courts allowing non-taxable costs, such as *Quintella* and *Hilton* and the cases that cite them, do not discuss awarding costs in light of the limits imposed by 28 U.S.C. § 1920 because the issue was not raised. *Id.* (citing *Hilton,* 2009 WL 1750121, at *16; *Quintanilla*, 2008 WL 9410399, at *9). Other recent Texas cases have examined the two views and have agreed with the Fifth Circuit's rulings in *Gagnon* and *Tyler* allowing only taxable costs under section 1920. *Acosta v. Lifetime Living, Inc.*, No. 7:18-CV-191, 2020 WL 10758975, at *7 (S.D. Tex. Nov. 6, 2020); *see also Moody v. AMW Constr., LLC*, No. 2:19-CV-119, 2020 WL 13430058, at *4 (S.D. Tex. Mar. 18, 2020).

In this case, Plaintiffs' counsel is seeking costs in the amount of $40, 418.01. The majority of these costs are not recoverable under section 1920. As noted above, postage, research fees, pacer fees, travel costs, and other overhead costs are not recoverable. In addition, mediation fees are not recoverable. *Acosta*, 2020 WL 10758975, at *7 ("But § 1920 'make[s] no provision for mediation fees.'") (citing *Romero-Baldazo v. Pan-Am. Assur. Co.*, 198 F.3d 242, 1999 WL 824563, at *4 (5th Cir. 1999); *Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 530 (5th Cir. 2001) (holding that the "costs of mediation" are not a taxable expense under § 1920)). Expert witness fees are not recoverable unless they are court-appointed expert witnesses. *See Tyler,* 304 F.3d at 405. Service of process fees are not recoverable unless service is done by the marshal. *See Entizne*, 2014 WL 1612394, at *5.

On the other hand, costs for filing fees, copying, printing, and deposition transcripts are allowed pursuant to Section 1920. *See Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 285 (5th Cir. 1991) ("This court has previously held that prevailing parties are entitled to recover the costs of original depositions and copies under 28 U.S.C. § 1920(2) and § 1920(4) respectively, provided they were 'necessarily obtained for use in the case.'"). However, a party's travel expenses for attendance to her own deposition are not recoverable. *Jensen v. Lawler*, 338 F. Supp. 2d 739, 748 (S.D. Tex. 2004) (denying plaintiff's travel expenses to her deposition, mediation, and trial since she was a party to the case, not a witness pursuant to § 1920(3)).

Consequently, Plaintiffs may only recover the following submitted costs: filing fee $400; filing fee $400; copies $5.50; depositions Jones and Schiesler $2,574.10; deposition Fisk $2,248.65; deposition Broussard $2,393.75; deposition Eason $3,825.34; and copies and printing $687.75. The total amount for these taxable costs is $12,535.09. In addition, the court will approve the settlement administrator costs of $2,350 as reasonable. *See Cunningham*, 2019 WL 2865080,

at *5 (approved $13,000 to be paid to claims administrator as part of the parties FLSA settlement). All remaining costs are denied. The parties state that costs of court and expenses are subsumed in the claimed attorneys' fees total amount of $318,750.00. As stated above, this total amount is reasonable, and the allowed court costs of $14,885.09 are taxable as part of that amount.

### E. Service Awards to Representative Plaintiffs

"Courts may approve service awards to named plaintiffs if the awards are fair and reasonable. But service awards are not always merited." *Herbert v. LTC Delivery LLC*, No. 3:19-CV-01856-X, 2022 WL 1608639, at *3 (N.D. Tex. May 20, 2022). To decide whether a service award is warranted to the representative plaintiffs, courts consider: "(1) the actions the plaintiff has taken to protect the interests of the class; (2) the degree to which the class has benefitted from those actions; and (3) the amount of time and effort the plaintiff expended in pursuing the litigation." *Slipchenko v. Brunel Energy, Inc.*, No. H-11-1465, 2015 WL 338358, at *13 (S.D. Tex. Jan. 23, 2015) (quoting *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1089 (S.D. Tex. 2012). Courts also look to the percentage of the service award compared to the common fund or compare the amount to awards given in similar litigation. *See Herbert*, 2022 WL 1608639, at *4.

In the *Herbert* case, the proposed service awards were $7,500 to the named plaintiff, Herbert, and $2,500 to opt-in plaintiff Leake—1.5% and .5% of the common fund. *Id.* The court noted the percentage of the award to the common fund and also compared the awards to a $10,000 payment in another case but noted that in that case, the award was based upon a settlement of $5.4 million instead of the lesser $500,000 settlement fund at issue. *Id.* Therefore, the court denied the award as not having sufficient justification and ordered the parties to provide supplemental briefing. *Id.*

In *Williams*, the court noted that the named plaintiff spent over 20 hours on the case, spoke to counsel on over 20 different occasions, maintained contact with plaintiffs' counsel and other opt-in plaintiffs, was involved in the settlement negotiations, and participated in trial preparation for two different trial settings. *Williams v. Sake Hibachi Sushi & Bar Inc.,* 574 F. Supp. 3d 395, 415–16 (N.D. Tex. 2021). The court awarded a service fee of $7,500 to the plaintiff in an undisclosed settlement. *Id.*

Courts in this circuit have approved service awards anywhere from no amount to $16,000, with the higher service awards being granted in cases with larger million-dollar settlements. *See Jasso v. HC Carriers, LLC.*, No. 5:20-CV-212, 2022 WL 16927813, at *6 (S.D. Tex. Oct. 19, 2022) (approved service award of $2,500 in case settled for $248,515.20); *Guadalupe v. Am. Campus Communities Services, Inc.,* No. 1:16-CV-967-RP, 2020 WL 12029307, at *2 (W.D. Tex. Oct. 23, 2020) (approved service award of $12,000 for Guadalupe, which represents 0.83% of the settlement amount of $1.5 million); *Diaz v. Panhandle Maint., LLC*, No. 2:18-CV-097-Z, 2020 WL 587644, at *4 (N.D. Tex. Feb. 6, 2020) ("the fact that Diaz was not awarded a service award weighs in favor of the Settlement Agreement being fair and reasonable because of the relatively small number of class members and particulars of the award in this case."); *Cunningham*, 2019 WL 2865080, at *3 (approved $6,500.00 for the named plaintiff and $4,000.00 for opt-in plaintiff, both of whom sat for depositions); *Izzio v. Century Golf Partners Management*, No. 3:14-CV-3194, 2019 WL 10589568, at *11-12 (N.D. Tex. Feb. 13, 2019) (approving incentive awards ranging from $10,000 to $3,000 in $1.425 million dollar settlement), *aff'd*, 787 F. App'x 242 (5th Cir. 2019); *Shaw v. CAS, Inc.,* No. 5:17-CV-142, 2018 WL 3621050, at *4 (S.D. Tex. Jan. 31, 2018) (approved service awards in the amount of $10,000 for the named plaintiffs in case settled for $2.2 million); *Jones v. JGC Dallas LLC*, No. 3:11-CV-2743-O, 2014 WL 7332551, at *5 (N.D.

14

Tex. Nov. 12, 2014), *R. & R. adopted in part*, 2014 WL 7336889 (N.D. Tex. Dec. 24, 2014) (approved incentive awards to the four class representatives in the amount of $3,250 out of a settlement amount of $920,000); *Camp v. Progressive Corp.*, No. 01-2680, 2004 WL 2149079, at *7 (E.D. La. Sept. 23, 2004) (awarding up to $10,000 incentive payments to class representatives in a $5 million settlement); *Purdie v. Ace Cash Express, Inc.*, No. 3:01-CV-1754, 2003 WL 22976611, at *7 (N.D. Tex. Dec. 11, 2003) (approving $16,665 incentive award to named plaintiffs for actively participating in the lawsuit in a multimillion dollar settlement).

In this case, the Plaintiffs assert that they have contributed many hours to this case, sat for depositions, responded to discovery, provided information, searched records, kept up with case developments, and taken part in the settlement decision. (Doc. #170-1.) Plaintiffs are asking for a service award of $15,000 each totaling $30,000. A service award of $15,000 represents 14% of the gross settlement amount ($106,250.00) being distributed to the Plaintiffs and the combined service awards would represent 28% of the gross settlement amount. Based upon the above case law, the court finds this amount is too high in comparison to the gross settlement amount in this case and reduces the service awards to Plaintiffs Roberts and Espree to $5,000 each for a total of $10,000 to be deducted from the gross settlement amount.

### III. RECOMMENDATION

For the reasons discussed herein, the undersigned recommends that the Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice should be granted in part and denied in part. Therefore, the court should approve the settlement agreement (including attorneys' fees) submitted by the parties with the noted reductions outlined above to costs and service awards, and dismiss this case with prejudice, subject to the court retaining jurisdiction and power to enforce the terms of the settlement.

## IV. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be no longer than eight (8) pages, and (4) be served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); E.D. TEX. LOCAL R. CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1) (2009); Fed R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 29th day of June, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE