| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| **LINDA ROBERTS**, *et al.*, § <br> § <br> Plaintiffs, § <br> § <br> *versus* § <br> § <br> **BAPTIST HEALTHCARE SYSTEM, LLC,** § <br> *et al.*, § <br> § <br> Defendants. § | **CIVIL ACTION NO. 1:20-CV-92** |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The court referred this case to the Honorable Christine L. Stetson, United States Magistrate Judge, for pretrial management. (#79.) The court received and considered the report (#175) of the magistrate judge that recommends granting in part the pending Joint Motion to Approve Settlement and Attorneys' Fees (#167.) The Plaintiffs filed objections to the report and recommendation. (#176.)

## I. Standard

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

1

## II. Discussion

Plaintiffs submitted written objections in a timely manner. Specifically, they claim that the recommendation to reduce the service awards from $15,000 to $5,000 each to the named plaintiffs should not be adopted because the settlement agreement is fair and reasonable and the court does not have authority to intervene and reduce these awards in a private settlement. (#176, at 4.) In addition, Plaintiffs object to the recommendation reducing their costs and expenses and assert that the court must honor its contract settling the case and should follow the line of cases allowing costs outside of those allowed under 28 U.S.C. § 1920. (*Id.* at 5.)

Plaintiffs cite to *Martin* to assert that they may privately settle this FLSA case and agree on a service award amount without intervention from the court. They argue that the only showing that must be made is that the settlement involves resolution of a bona fide FLSA dispute. (#176, at 3.) In *Martin*, employees asserted FLSA claims against their employer, but the district court granted summary judgment finding these claims were already settled through the union. *Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.2d 247, 249-250 (5th Cir. 2012). The employees argued that the release was invalid because they did not sign the settlement agreement, and also because individuals may not privately settle FLSA claims. *Id.* The Fifth Circuit stated, "we hold that the payment offered to and accepted by Appellants, pursuant to the Settlement Agreement, is an enforceable resolution of those FLSA claims predicated on a bona fide dispute about time worked and not as a compromise of guaranteed FLSA substantive rights themselves." *Id.* at 256. Thus, the court affirmed finding the private settlement between the union and employer was a valid release of the employees' claims because the settlement involved a bona fide dispute and the employees received and accepted compensation for the disputed hours. *Id.* at 257.

Plaintiffs assert in their objections that pursuant to *Martin*, "settlement approval of these FLSA claims is not required and is arguably not authorized by federal law." (#176, at 2 n.1.)  There is currently no explicit Fifth Circuit precedent as to whether review and approval of a private FLSA settlement is mandatory in a pending collective action lawsuit prior to entering a final judgment, but most district courts have found that it is appropriate and most likely mandatory.  *Guadalupe v. Am. Campus Communities Services, Inc.*, No. 1:16-CV-967-RP, 2020 WL 12029307, at *1 (W.D. Tex. Oct. 23, 2020) (citing *Trevino v. Colt Oilfield Servs., LLC*, 2019 WL 3816302, at *2 (W.D. Tex. May 6, 2019).  The court in *Martin* did not squarely address this issue and did not involve a collective action lawsuit.  It merely stated that there must be a bona fide dispute, which is certainly a part of the court's analysis in approving a FLSA settlement and was included in Judge Stetson's report and recommendation.

In *Valdez*, the court stated, "*Martin* thus only applies in cases where a court is reviewing a settlement agreement entered by parties prior to the FLSA lawsuit."  *Valdez v. Superior Energy Services Inc.*, No. 2:15-CV-00144, 2019 WL 13258969, at *5 (S.D. Tex. Nov. 7, 2019), *aff'd*, No. 20-40182, 2022 WL 1184371 (5th Cir. Apr. 21, 2022) (citing *Lipnicki v. Meritage Homes Corp.*, No. 3:19-cv-605, 2014 WL 923524, at *14 (S.D. Tex. Feb. 13, 2014) ("By 'private' the *Martin* court is referring to settlements made outside of the court system without a lawsuit having been filed.")).  Moreover, the parties requested court approval of the settlement in this case and the agreement states it requires court approval.  It is a spurious position to file a motion asking the court to approve the settlement agreement in this case and then assert that the court is only a rubberstamp.

*Martin* also did not discuss the validity of approving service awards included in the settlement.  As noted by Judge Stetson, as part of approving a settlement, courts consider

3

whether a service award is meritorious considering the involvement of the named plaintiff(s), the actions taken to protect the collective, and the benefit therefrom, and the court may deny or reduce that award accordingly. *See Herbert v. LTC Delivery LLC,* No. 3:19-CV-01856-X, 2022 WL 1608639, at *3 (N.D. Tex. May 20, 2022). In *Hebert,* the court denied the proposed service award as being unjustified given the amount of the award in comparison to the common settlement fund and the lack of support for it. *Id.* Judge Stetson noted several cases discussing the approval of service awards in FLSA settlements in her report and recommendation. Plaintiffs' objections do not cite any cases that deny this authority by the court. Further, Judge Stetson's analysis as to why the service award in this case should be reduced is sound and will add to the net settlement amount to be divided among the collective. Consequently, this objection is overruled.

As to costs recoverable, an FLSA case allows statutory recovery of attorneys' fees and costs to the prevailing party. *See* 29 U.S.C.A. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); Fed. R. Civ. P. 54. Section 1920 of chapter 28 controls the recovery of "taxable costs."

Plaintiffs state that recovery of their costs is a contract issue because the settlement agreement states that each party will bear their own costs subject to the terms of this agreement. The settlement agreement in this case does not list the amount of their costs. It merely states that the total sum of $318,750 shall be paid to collective counsel as "attorneys fees and costs."[1] (#166.) This total amount is well under what the court would approve as

---

[1] Plaintiffs' counsel separately submitted a bill to the court *in camera* itemizing their costs and expenses in this case.

reasonable for attorneys' fees alone without the consideration of costs. As such, the court approves this full amount to be paid to counsel.

Plaintiffs' objection to Judge Stetson's analysis of the amount included as costs is not well-taken. Judge Stetson correctly notes in her report and recommendation that there are conflicting cases as to what type of costs are recoverable in a FLSA case. In *Novick*, the court discussed the conflict between the cases that follow the holdings in *Quintanilla* and *Hilton*, which allows for the recovery of non-taxable costs in an FLSA case as part of an "attorneys fee award," with the cases, like *Martinez,* that only allow the recovery of taxable costs under 28 U.S.C. § 1920. *See Novick v. Shipcom Wireless, Inc.,* No. 4:16-CV-730, 2018 WL 6079348, at *4-5 (S.D. Tex. Nov. 21, 2018) (citing *Martinez v. Refinery Terminal Fire Co.,* 2016 WL 4594945, at *14 (S.D. Tex. Sept. 2, 2016); *Hilton v. Exec. Self-Storage Assocs.,* No. H-06-2744, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009); *Quintanilla v. A & R Demolition Inc.,* No. CIV.A. H-04-1965, 2008 WL 9410399, at *6–7 (S.D. Tex. May 7, 2008)). The court noted that the *Quintanilla* case differed in that the parties settled their collective action and agreed on the amount of attorneys' fees and costs. *Id.* The *Hilton* case then adopted the holding of *Quintanilla,* but it was tried before a jury without an agreement. *Hilton*, 2009 WL 1750121, at *1. The *Martinez* case was decided by the court, and the *Novick* case was tried before a jury; however, the court noted in both of those cases that neither *Quintanilla* or *Hilton* squarely addressed the issue of awarding costs versus expenses and the limits imposed by 28 U.S.C. § 1920. *Martinez*, 2016 WL 4594945, at *14; *Novick*, 2018 WL 6079348, at *4. Therefore, the *Novick* court chose to narrowly limit the costs recoverable in a FLSA case to those listed in section 1920 citing two Fifth Circuit court cases—*Gagnon* and *Tyler*. *Id.*

In *Gagnon*, the Fifth Circuit noted that the "Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010) (quoting *Cook Children's Medical Center v. The New England PPO Plan of General Consolidation Management Inc.,* 491 F.3d 266, 274 (5th Cir. 2007)). Here, the parties argue that the settlement agreement gives them contractual authority to recover costs beyond section 1920. The court agrees with Judge Stetson's analysis of what is specifically recoverable as "taxable costs" pursuant to section 1920. As to the recovery of Plaintiffs' additional non-taxable expenses, the court need not decide whether these other expenses are recoverable as costs sought pursuant to "contractual authorization" or as a part of the "attorneys' fees" as allowed in *Quintanilla* because the total requested amount by Plaintiffs is one combined lump sum amount in the settlement agreement, which has been agreed to be paid by the Defendants without a breakdown as to what is costs versus attorneys' fees. As stated above, the Plaintiffs greatly reduced their attorneys' fees from their submitted itemized billing records, and the court finds this entire remaining amount is reasonable as "attorneys' fees."[2]

Therefore, Plaintiffs' counsel shall be paid a total amount of $318,750.00, which includes their attorneys' fees and costs.

### III. Conclusion and Order

The court has conducted a *de novo* review of the objections in relation to the party's filings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes that Plaintiffs' objections are without merit and the magistrate judge properly

---

[2] To the extent it matters to the parties for tax purposes, the court awards taxable costs in the amount of $14,885.09 pursuant to section 1920, which is included in the total amount to be paid to collective counsel.

found that the service awards and taxable costs should be reduced as stated in the report and recommendation.

Accordingly, the court **ADOPTS** the magistrate judge's recommendation, **OVERRULES** the Plaintiff's objections, and **FINDS** that this case presents a bona fide dispute under the FLSA. Additionally, the court finds that the attorneys' fees to be paid to collective counsel are reasonable under 29 U.S.C. § 216(b), and Judge Stetson's findings regarding a reduction of the service awards and taxable costs to be paid to collective counsel are correct. The settlement agreement is fair and reasonable (as modified by the court herein) as to all parties and reflects an arms' length negotiation and compromise of the disputed claims.

It is, therefore, **ORDERED** that the Joint Motion for Approval of Settlement (#167) is **APPROVED as modified herein**. Plaintiffs' counsel shall be paid a total amount of $318,750.00, which includes their attorneys' fees and costs. The named Plaintiffs, Roberts and Espree, shall each be paid a service award of $5,000.

The parties shall revise their settlement agreement to reflect the modifications made pursuant to this order and the adopted report and recommendation and submit an executed copy of same to the court. Thereafter, a final judgment will be entered in this case in accordance with this order and the magistrate judge's recommendation dismissing this case with prejudice.

**Signed this date**
**Jul 21, 2023**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE